Whitman & Hubbard *vs.* the Farmers Bank of Chattahoochie.

WHITMAN & HUBBARD *vs.* THE FARMERS BANK OF CHATTA-HOOCHIE.

1. No authority is given by statute to a notary public, to certify a fact in regard to a bill of exchange, independent of the protest.

2. If written evidence be by the court improperly suffered to go to the jury, to prove a fact indispensable to support the action, and competent evidence conclusively proving the same fact, be afterwards offered and received—the error of admitting the improper evidence is not cured. And, in such case, the error of allowing the improper written evidence, can only be cured, by withdrawing from the jury the written evidence offered, as it cannot be known which of the two modes of proving the fact, was relied on to support the action.

3. Each party to a bill of exchange or promissory note, whether by endorsement or mere delivery, has, in all cases, until the day after he has received notice, to give or forward notice to his prior endorser, and so on till the notice reaches the drawer.

Error to the Circuit court of Montgomery.

Assumpsit on a bill of exchange, tried by *Crenshaw*, J.

At the trial of this cause, the plaintiffs to the action gave in evidence the bill of exchange described in the declaration, and a protest for its non-payment on the day it became due, in which the notary had certified that he deposited in the post office at Mobile on the same day,

notices of the protest for the drawers and endorsers, under cover, addressed to D. Hudson, Esq., Assistant Cashier, Columbus, Georgia. They then offered in evidence a certificate, which was in the following terms: "Columbus, Geo. I do hereby certify, that on the 17th day of May, 1837, I deposited in the post office in this place, notices addressed to the following persons, at Montgomery, Ala., viz: to Walsh & Fitzpatrick, Wm. T. Brame, T. W. Brame, Whitman & Hubbard—advising them of the non-payment of a draft drawn by Whitman & Hubbard, on Edward Hanrick, for $10,000. And that on the 20th May, 1837, I deposited in the post office, notices addressed to the following persons, at Montgomery, Ala., viz: to Robert Harwell, Wm. T. Brame, Thomas W. Brame, and Whitman & Hubbard, advising them of the non-payment of a draft drawn by Whitman & Hubbard, on Edward Hanrick, for $10,000. D. HUDSON, Cash.

I affirm and attest the truth of the above certificate.

D. HUDSON, Notary Public."

Which letter was under his notarial seal. This evidence was objected to by the defendants to the action, but admitted by the court. It was subsequently proved, that the defendants had admitted (after the bill was due and protested) that they owed the amount, and that they had promised to pay it.

On this evidence, the defendants moved the court to instruct the jury, that to charge them, notice of the non-payment should have been sent to the place of their residence, or the post office nearest to them; which charge was refused; and the jury was instructed, that if they believed from the evidence, that the residence of the

drawers was unknown, and that the notices were sent to the agent of the plaintiffs, at Columbus, Georgia, and by him to the place of their residence, such notice was recoverable.

The errors assigned were two fold :

1. As to the admission of the evidence objected to ;

2. As to the charge given, and refused to be given, by the court.

*Goldthwaite*, for the plaintiffs in error, contended, that it was not the duty of the notary to give the notice ob-jected to below, and could not therefore be proved by his seal—(Morgan vs. Van Ingen, 2 John. 204.)

*Porter*, for defendant in error, thought that proof of the admission by defendants below of their liability, and their promise to pay the amount of the bill, sufficient to sustain the judgment, and that the court would intend, that the verdict was found on the competent evidence. The incompetent evidence might have been rejected be-low, and yet there was sufficient testimony to sustain the case of the plaintiffs. Concerning notice of non-pay-ment of the bill, and protest, he cited Aik. Dig. 327; McGrew vs. Toulmin, 2 Stew. & Por. 428 ; Worsham vs. Goar, 4 Porter, 441.

GOLDTHWAITE, J.—By the rules of the common law, the fact of notice, when requisite to charge the drawer or endorser of an inland bill of exchange, was necessary to be proved by witnesses in the same way as any other fact given in evidence, and could not be established by

Whitman & Hubbard *vs.* the Farmers Bank of Chattahoochie.

the certificate of a notary. The act of eighteen hundred and twenty-eight, section one, (Aik. Dig. 327,) enacts, that "the protest of a notary public, which shall set forth a demand, refusal, non-acceptance or non-payment of any inland bill of exchange, or other protestable security, for money or other thing, and that legal notice, expressing in the said protest, the time when given of such fact or facts, was personally or through the post office, given to any of the parties entitled by law to notice, shall be evidence of the fact or facts it purports to contain, and entitle the holder of such security to the damages to which, by law, he may be entitled." It is clear, that no authority is given by this act to any notary, to certify a fact independent of the protest. In the present case, the protest was legal evidence, that notices were placed in the post office at Mobile, and sent under cover, to D. Hudson, at Columbus—but it was not competent for him, or any other notary, to make evidence by giving a certificate as to the manner in which he subsequently forwarded those notices to the defendants, or sent others to them to fix their liability. It was erroneous, therefore, in the Circuit court, to admit this certificate, and the subsequent proof of an admission of liability and promise to pay the amount of the bill, did not cure the error, for we are not informed whether the one or the other mode of proving the liability of the defendants, was relied on in the court below. If the effect of this objection was to be avoided, after the admission of the evidence, it could only be by withdrawing from the jury, the certificate objected to.

2. The charge which was requested, seems to have

been this: That it was necessary, in order to fix the liability of the defendants, that notice should have been forwarded to them from Mobile, when the bill was protested. Such, however, is not the law. It was only incumbent on the holder of the bill in Mobile, to give notice to those to whom they looked for payment, and each party, on receiving notice, is allowed one day to give notice to those liable to him. The general rule is given with much distinctness and precision by Chitty, in his Treatise on Bills, page 520. It may be quoted thus: "It is usual for the holder only to give notice to the person from whom he immediately received the bill or note, especially if he is ignorant of the residence of the other parties; and if so, his neglect to give notice to the other prior endorsers, and to the drawer, cannot, on any sound principle, deprive either of the endorsers of the right to proceed against the person who endorsed to him, and all prior parties, provided he in his turn has duly forwarded notice. The rule is, therefore, clearly settled, that *each party to a bill or note, whether by endorsement or mere delivery, has, in all cases, until the day after he has received notice, to give or forward notice to his prior endorser*, and so on till the notice has reached the drawer."

The rule thus laid down by Chitty, was substantially the one given in charge to the jury, as they were instructed that it was not necessary that notice should be sent from Mobile, if the holders there of the bill were ignorant of the residence of the drawers or endorsers, but that if sent to the agent of the plaintiffs at Columbus, and by him to the defendants, it was sufficient in law to charge them. In this charge there was no error, and if

the defendants below had wished one more specific and definite, it was their duty to have asked it.

For the error in admitting the evidence objected to, the judgment is reversed, and the cause remanded.