## DILBONE v. MOORER, Adm'r.

1. The institution of a suit against the administrator, and voluntary submission to a non-suit, is not such a presentation of the claim to the administrator, as will take the case out of the statute of non-claim.
2. If the plaintiff suffers a non-suit, under the ruling of the court against his right to recover in the case as presented, or if the defendant defeats a recovery, or vacates a judgment for reasons which are not fatal to the successful prosecution of another action—*quere*, would not the first suit, if sufficiently descriptive of the claim, be regarded a good presentment.

Writ of Error to the Circuit Court of Lowndes.    Before the Hon. N. Cook.

Assumpsit by the plaintiff in error.    The defendant, among other pleas, pleaded the statute of *non-claim.* To remove the bar of the statute of non-claim, the plaintiff proved that a suit had been instituted on this demand, against the administrator, within eighteen months after the grant of letters of administration. It also appeared, that the plaintiff in said suit, submitted to a non-suit. The court charged the jury, that this was not a sufficient presentation of the claim, to prevent its being barred by the statute of non-claim. To which the plaintiff excepted. This is now assigned as error.

J. M. Boling, for plaintiff in error.
1. The decision in the case of Bigger's adm'r v. Hutchings

and Smith, adm'rs, was made upon the idea, that when a claim was presented to an administrator, he should be furnished with such vouchers or reasonable evidence, as might induce a belief that the claim was just. This case has been virtually overruled by the case of Jones v. Pharr, 3 Ala. Rep. 283.

2. The case of Boggs's adm'rs v. The Br. Bank at Mobile, 10 Ala. Rep. 970, was decided upon the authority of Bigger, adm'r, v. Hutchings and Smith, adm'rs, 2 Stew. 445, and the case of Jones, ex'r, v. Lightfoot, is not against the position contended for.

T. J. JUDGE, contra.

1. The commencement of the previous suit was no evidence of a presentment of the claim to the personal representative, so as to prevent the bar of the statute of non-claim. Bigger v. Hutchings and Smith, 2 Stew. Rep. 448; Boggs's adm'rs v. The Br. Bank at Mobile, 10 Ala. R. 970; Jones's ex'rs v. Lightfoot, Id. 18.

COLLIER, C. J.—If the question were *res integra*, whether the institution of a suit against an administrator, and *voluntarily submitting to a non-suit*, was a sufficient presentation of the claim, so as to prevent the bar of the statute of non-claim from being successfully pleaded to a subsequent action, we should be inclined to hold the affirmative. But this precise point was ruled otherwise in Bigger v. Hutchings and Smith, 2 Stew. Rep. 448, and this case has been too often recognized to be now departed from. See Garrow v. Carpenter and Hanrick, 1 Port. Rep. 359; Jones's ex'rs v. Lightfoot, 10 Ala. Rep. 17; Boggs's adm'rs v. The Br. Bank at Mobile, 10 Ala. Rep. 970.

If, however, the plaintiff suffers a non-suit under the ruling of the court against his right to recover in the case as presented, or if the defendant defeats a recovery, or vacates a judgment upon appeal, writ of error or otherwise, for reasons which are not fatal to the successful prosecution of another action for the same cause, we should think that the first suit, if sufficiently descriptive of the claim, would be regarded as a good presentment. We are aware of the extent of the de-

cision in Boggs's adm'rs v. The Br. Bank at Mobile, *supra*, and are impressed with the conviction that it proceeds from a principle almost, if not quite too stringent ; yet as the facts were peculiar, and not altogether parallel with those in the case before us, we do not feel called on to give it a critical examination, or determine its influence as authority when applied to an analogous case.

The bill of exceptions does not inform us under what circumstances the plaintiff was non-suited, but merely that the suit was thus disposed of. In obedience to the rule which requires all reasonable presumptions to be made which are consistent with the record, to sustain the judgment of the primary court, we may intend that the *non-suit was voluntary*, and under such circumstances as, according to the case cited from 2d Stewart, would indicate a withdrawal of the claim, and a waiver of its presentation.

From this view, it results that the ruling of the circuit court is agreeable to law, and its judgment is therefore affirmed.