## BIGGER, adm'rx. v. HUTCHINGS & SMITH, adm'rs.

1. A judgment obtained on an original attachment in a sister State, is *prima facie* evidence of the debt here.
2. But such judgment may be impeached by a plea shewing that the defendant constantly resided here, and had no notice of the suit.
3. Suing out a previous writ, is not sufficient evidence of presentation to an administrator, to take the case out of the statute which requires the claim to be presented within 18 months.
4. If the claim originated out of the State, so as to be within the exceptions of the statute, that matter must be specially replied to a plea of non claim.

THIS was an action of debt brought in Montgomery Circuit Court, in 1824, by Robert Hutchings, administrator, and Elizabeth Smith, administratrix, of Samuel

Smith, jr. against Elizabeth Bigger, administratrix of Joseph Bigger, to recover on an exemplification of a judgment obtained by them against Joseph Bigger, in his life time, in the Superior Court of Jones county, Georgia, in November, 1820. The declaration was in the usual form, on the record of recovery in Georgia. The defendant pleaded, 1st. *nul tiel record*; 2dly. A special plea, alleging, that "at the time of the commencement of the suit in Georgia, and ever afterwards, her intestate was a permanent resident citizen of Alabama, and not a resident of Georgia, and that he had no notice of the commencement of the suit in Georgia;" and 3dly. "That the claim had not been presented within eighteen months after the letters of administration had been granted to her on Joseph Bigger's estate." Issue was joined on the first and third pleas, and the plaintiffs below demurred to the second plea. At March term, 1825, the issue on the plea of *nul tiel record*, was submitted to the Court, and the plaintiffs produced an exemplification of the record of a judgment which appeared to have been rendered in Georgia on an original attachment, and without personal service of process; on which evidence the Court gave judgment for the plaintiffs, on the plea of *nul tiel record.* The Court also sustained the demurrer to the second plea. At September term, 1825, the issue was tried on the third plea. It was admitted the action was not commenced within eighteen months after the grant of administration, but the plaintiffs relied on the fact that a previous writ had been issued from the Circuit Court of the same county, in favor of the plaintiffs, for the same claim, which had been served on the defendant before the eighteen months had elapsed, on which writ the plaintiffs had taken a non-suit. The Court instructed the jury that this was sufficient evidence of a presentation to take the case out of the statute; to which the defendant excepted. A verdict was found for the plaintiffs, and they had judgment. The defendant appealed, and assigned these several decisions as error.

GOLDTHWAITE, for the plaintiff in error. The decision of the Court in *Miller v. Pennington,* [a] will compel us to abandon the first assignment of error. The second plea, however, was good; it shews that the defendant was a non-resident, and had no notice of the suit in Georgia. This plea fully comes up to all the authorities on the subject, and does not conflict with the case above cited. [b] The

JANUARY 1830
Bigger, admx
v.
Hutchings & Smith, administrators.

[a] Ante p. 399.

[b] 4 Cowen, 380. 2 Cowen

Court then erred in sustaining the demurrer to it. The
Court also erred in the instructions given to the jury. A
suit commenced is no notice to an administrator, espe-
cially where the plaintiff voluntarily abandons it. The
demand was then never presented as is required by law,
and it was barred by the statute.[a] It is no answer to say
that the debt was contracted out of the State, and that it
comes within the exception of the statute; if the plaintiffs
had replied the exception of the statute, the defendant
by rejoinder could have shewn, that although the judg-
ment was obtained in Georgia, yet that the debt was actu-
ally contracted in Alabama. Suppose the same pleadings
to be on the statute of limitations, could the plaintiffs, un-
der the common issue, avail themselves of the exceptions?
Certainly not, they would be bound to reply the exception
specially.

BUGBEE, contra.

By JUDGE CRENSHAW.[*] By the opinion pro-
nounced at the present term in the case of *Miller v. Pen-
nington*, it is settled, "that the exemplification of a judg-
ment in attachment from a sister State, is *prima facie* ev-
idence of its validity, and that to shew it to be otherwise,
it is necessary that the defendant should impugn it by spe-
cial plea." According to this adjudication, the presiding
Judge was correct in giving judgment for the plaintiffs,
on the plea of *nul tiel record*, and the plaintiff in error
has consequently abandoned this assignment.

On the second assignment of error, we are of opinion,
that it was erroneous to sustain the demurrer to the plea
of the defendant, which alleged that her intestate was a
citizen resident in Alabama, and had no notice of the
commencement of the suit in Georgia.

The decision in the case of *Miller v. Pennington*, to
which reference has just been had, and I might add, the
reasoning in the determination at the present term, in the
case of *Lucas v. The Bank of Darien*,[b] strongly imply
that this was a good plea in bar to the action. In the for-
mer case, it is expressly said, that the validity of such a
judgment may be impeached by special plea, and in the
latter, the principles settled maintain the position, that

*Margin notes:*

JANUARY 1830

Bigger, admx
v.
Hutchings &
Smith, ad-
ministrators

[a] Laws of Ala.
page 337.

[b] Ante p. 280.

---

[*] This case was argued at the last term, and retained under advisement
and re-argued the present term.

JANUARY 1830.

Bigger, admx
v.
Hutchings &
Smith, ad-
ministrators.

a4 Cow. 292.

where the defendant is out of the jurisdiction of the Court, and has no opportunity to defend the suit, no personal service of the writ, or no notice of its commencement, he may plead those facts and circumstances in bar, to an action on the judgment. If the defendant continually resided in Alabama, and had no notice of the commencement of the suit in Georgia, it is a legal inference that he had no opportunity to defend the suit there, and that consequently the judgment cannot be conclusive on him. In *Shumway v. Stillman*,[a] this is recognised as the correct doctrine in New York, and it was determined that a plea similar to the present one would be good, though in that case, the plea was held bad, because it did not aver that the defendant had no notice.

As to the third assignment of error, we are convinced that the presentation of the demand was not such an one as is contemplated by the statute. The statute declares, that claims not presented to the administrator within eighteen months after the grant of administration, shall be forever barred from a recovery, except debts contracted out of the State, &c.

The Legislature who enacted the law, intended something more certain and definite than a mere notice that there was a claim against the estate. They clearly intended that the administrator should be furnished with such vouchers or reasonable evidence, as might induce a belief that the claim was just; with something more than the mere service of a writ. The original bond, note, or contract on which the debt accrued, or at least an abstract, or copy, should be presented as evidence of the claim, and if the claim arise on an open account, unliquidated demand, verbal contract, or legal liability, it should be reduced to writing, and be so presented.

We are further of opinion, that if the debt were contracted out of the State, this would be a matter of special replication to the defendant's plea, and cannot be legally inferred from the circumstance that the judgment was obtained in Georgia.

From the foregoing premises, the following deductions are the necessary result, and may now be considered as settled; 1st. That a judgment obtained in attachment in another State, is *prima facie* evidence of its validity; 2d. That such a judgment may be impeached by the plea, that the defendant continually residing here, had no notice of the commencement of the suit; and 3d. That the

suing out a previous writ for the same demand, within the eighteen months, does not take the case out of the statute of non-claim.

It will be readily perceived, that some of the principles decided by the opinion which was pronounced in this case two years ago, are now overruled. New lights since that time received, subsequent decisions, and mature reflection, have brought us to our present conclusion. The question was then new; it has been since debated in several cases, and many convincing authorities have been adduced which would well warrant a change of opinion in a few particulars.

For the reasons above mentioned, this Court are now unanimous in reversing the judgment of the Circuit Court, and remanding the cause.

JUDGE SAFFOLD not sitting.