## BADGER & STEELE v. KELLY, Adm'r.

1. The presentation of a note to an administrator, within eighteen months after the grant of administration, which is afterwards defeated on the ground of lunacy, does not withdraw a suit afterwards instituted for the amount of an account included in the note, from the operation of the statute of *non claim.*

Writ of Error to the County Court of Jefferson.

Assumpsit by Badger & Steele against Kelly, as the administrator of one Hall. The declaration contains the common counts, to which the defendant pleaded, with other pleas, that the claim of the plaintiffs was not presented to the administrator within eighteen months from the 11th June, 1842, at which time administration was granted.

The plaintiff took issue on the other pleas, and to that of *non claim* replied, that Hill, before his death, executed a note, in which the account sued for was included as a part of its consideration—that this note was presented to the defendant as administrator within eighteen months after the grant of administration—that afterwards suit was brought on this note, to which the defendant, amongst othe pleas, pleaded lunacy, and a verdict was returned in his favor, which the plaintiffs aver was founded entirely on the issue of lunacy.

The defendant demurred to this replication, and the court sustained the demurrer. The plaintiff then took issue on the plea, and raised the same question on the evidence. The court ruled the presentment of the note within eighteen months, was not a sufficient presentation of the account to enable the plaintiffs to recover. The plaintiff excepted, but his bill of exceptions was not sealed until after the adjournment of the court. The sustaining the demurrer to the replication and the ruling at the trial are assigned as error.

GOLDTHWAITE, J.—As the counsel concedes the bill

of exceptions was signed after the adjournment of the court, there is only the sufficiency of the replication to be examined. At first we inclined to think it good, but further reflection has convinced us it is no answer to the plea of *non claim.* If we concede that the plaintiff, when there is a general verdict, may show by proof extrinsic to the record, that it was rendered on a particular issue, it will not better his condition as the only claim presented, or relied on, was the note which the defendant successfully resisted, and which resistance could not have prevailed if, in the first action, the plaintiff had proceeded on the common counts, and was prepared with the evidence he now asserts. The party cannot now remedy by this suit, what was his misfortune or fault in that. The object of the statute of *non claim* is to furnish a complete and perfect bar, under which the administrator may settle with the distributees and other creditors with entire security. [Thrash v. Sumwalt, 5 Ala. Rep. 13.] This would be to some extent defeated, if an administrator, after the successful defence of a claim as presented, and afterwards asserted, could be made liable in a different form of action, or by a different mode of declaring. It may be, and doubtless is true, that a mere promissory note is not the extinguishment of the account, or other consideration, on which it is given, and therefore, when the common counts are added, a recovery may be had, although the suit fails on the note itself. To the same extent the presentation of the note would be the presentation of a claim for the consideration which induced it, so far as to allow its recovery when the note is sued on; but to carry the principle beyond this, and allow a recovery in a distinct action, after one on the note had failed, would let in the precise mischiefs the statute intended to extirpate.

Judgment affirmed.