## PIPKIN use, &c. *vs.* HEWLETT, Adm'r.

1. Where a suit has been instituted against the decedent in his life-time service on his personal representative of a scire facias, which is voluntarily abandoned, is not such a presentation of the demand as will take it out of the operation of the statute of non-claim.
2. The statute on non-claim continues to run notwithstanding the death of the administrator, and the time intervening between that event and the appointment of a successor is not to be deducted.
3. A waiver of previous irregularities in making the administrator a party to a suit commenced against his intestate cannot be considered a waiver of the right to insist on the defence of the statute of non-claim.

Error to the Circuit Court of Madison. Tried before the Hon. Thomas A. Walker.

This was a proceeding by *sci. fa.* to revive a suit against the defendant in error as administrator *de bonis non* of Thomas W. Scott. The defendant relied on the statute of non-claim, and averred the grant of administration to Nancy Scott on the 16th January 1839, and, after her death, to himself on the 4th April 1840, and that the plaintiff's claim was not presented to either

Pipkin, use &c. v. Hewlett, adm'r.

within eighteen months from the first grant of administration.—
The plaintiff replied, that on the 22d July 1839, a *sci. fa.* issued
to *Mary* Scott, but was served on Nancy Scott, the administra-
trix; that on discovering the misnomer, the mistake was sug-
gested to the court, and an *alias* awarded, which issued and was
returned *non est;* and that on the 31st August 1840, this *sci. fa.*
issued and was served on the defendant. He also set up an
agreement between the parties at October term 1840, which re-
cites that "the parties came by their attorneys, and it is agreed
by the parties that all previous errors relative to the revival of
this cause are waived, and that a suggestion of the death of Nancy
Scott be now considered as regularly suggested, and that a *sci.*
*fa.* issue against Thomas H. Hewlett, administrator of Thomas
W. Scott, deceased." The defendant demurred to the replica-
tion, and the court sustained his demurrer, which is the error
now assigned.

CLAY & CLAY, for plaintiff:

I. Defendant's plea of non-claim is defective:

1. Because it contradicts the record in saying letters *testa-*
*mentary* were issued to Nancy Scott.

2. Because it does not show the *day* on which Nancy Scott
died, and leaves *uncertain* what *time* intervened between the
death of Nancy Scott and appointment of present defendant as
executor or administrator; which time should be deducted in
estimating eighteen months from the grant of letters to the pre-
sentment, of the cause of action to the present administra-
tor. Plea of statute of non-claim must be specially pleaded.
Mardis' Adm'rs v. Smith, 2 Ala. 382.

3. Because it appears by the record and process on file, that
a *sci. fa.* was served on Thomas H. Hewlett as administrator,
on 31st August 1840, and at October term 1840 the parties
came by their attorneys and agreed to *waive all previous errors,*
and that another *sci. fa.* should issue against defendant as admin-
istrator, &c. Hence defendant is estopped to plead that he is
executor, and sstopped from denying service of the first *sci. fa.*
as well as from alleging any previous error in said process.—
Ex'rs of Sankey v. Heirs of Sankey, 12 Ala. 607.

4. Because the plea does not show that eighteen months had
elapsed from the granting of letters to Nancy Scott to the pre-

sentment of the claim to this defendant—excluding the time between her death and Hewlett's appointment.—1 Stew. 254; 1 Wheat. Selw. N. P. 147-8.

II. The court erred in sustaining the demurrer to plaintiff's replication. Nancy Scott, the real administratrix, was served with notice both of the existence of the claim and that she was looked to to pay it, by the service of *sci. fa.*, although it was directed to *Mary* Scott.—Hallett & Walker v. Br. Bank at Mobile, 12 Ala. 195; Posey & Coffee, ex'rs, v. The Decatur Bank, ib. 814.

ROBINSON, for defendant in error:

The facts bring the case within the following cases:—Jones' Ex'rs v. Lightfoot, 10 Ala. 17; Decatur Bank v. Donelson's Adm'r, 12 Ala. 741; Lowe's Adm'r v. Jones, 15 Ala. 545.

The replication to the plea was insufficient. The facts relied upon do not prevent the bar of the statute.—Bigger's Adm'r v. Hutchings & Smith, 2 Stew. Rep. 445; Boggs, adm'r, v. Mobile Bank, 10 Ala. 970.

DARGAN, C. J.—It is too well settled by the decisions of this court to be now controverted, that the mere knowledge on the part of an executor or administrator of the existence of a claim or debt against the estate he represents is not sufficient to supersede the necessity of a presentation of the claim to him. Yet it is equally well settled, that the commencement of a suit against him and the service of the writ, or the service of a *scire facias* to make him a party to a suit pending against the decedent at his death, within eighteen months from the grant of letters testamentary or of administration, is a sufficient presentation within the intent and meaning of the act.—Jones v. Lightfoot, 10 Ala. 17; Boggs, adm'r, v. The Br. Bank at Mobile, ib. 970; Hallett & Walker v. Br. Bank at Mobile, 12 Ala. 193. But in the case of Bigger's Adm'r v. Hutchings et al., 2 Stewart 445, this court held that if a plaintiff took a non-suit after the service of the writ, then the service could not be considered a sufficient presentation of the claim. In the subsequent case of Garrow v. Carpenter & Hanrick, 1 Porter 359, this court disapproved of the reasoning in the case of Bigger's Adm'r v. Hutchings et al., yet admitted that they were willing to adhere to the decisions,

limited to the precise point that was presented for the considera-
tion of the court, and this authority, thus limited, has ever since
been acquiesced in.   Applying the principle of this decision to
the case at bar, there is no error; for the record shows that a
*scire facias* was issued against Mary Scott as the administratrix
of Thomas W. Scott, which was executed on Nancy Scott, and
although Nancy Scott was the administratrix, and there was a
mere misnomer in the *sci. fa.*, the plaintiff in error did not pro-
ceed on this writ, but suggested the mistake and prayed a *sci. fa.*
against the administratrix by her proper name.   This *scire facias*
was never executed, nor were any further proceedings ever had
on the first writ in which she was named Mary.   We must there-
fore hold that the first *scire facias* was voluntarily abandoned by
the plaintiff, and its service not a sufficient presentation of the
claim.

2.  It is however urged that the plea is insufficient, because it
does not show that eighteen months had elapsed from the time
of the grant of the letters in chief to Nancy Scott until the ser-
vice of the *scire facias* on the defendant, deducting the time that
intervened between the death of the administratrix and the ap-
pointment of the present defendant.   The plea shows that
Nancy Scott was appointed administratrix on the 16th day of
January 1839, and that the claim was not presented either to
her or to the defendant within eighteen months thereafter.   This
is a sufficient bar.   In the case of Lowe's Adm'r v. Jones, 15
Ala. 445, we held that the statute of non-claim continued to run,
notwithstanding the death of the administrator, and that the time
intervening between the death of an administrator in chief and
an appointment of an administrator *de bonis non* was not to be
deducted in computing the bar.   It may however be observed,
that even if the law was as is contended by the plaintiff in error,
the plea would be good in form, for if there was any intervening
time between the death of the administratrix in chief and the ap-
pointment of the defendant, which being deducted would bring
the service of the *scire facias* within eighteen months from the
time of the original grant of letters of administration, it should
have been shown by the replication.

3.  It is again urged that the agreement between the parties
entered of record, waiving all errors that had intervened in mak-
ing the representatives parties, and which is averred in the repli-

cation, estops the defendant from insisting on the non-presentation of the claim. This is not the effect of the agreement. It only waives all irregularities, if any had intervened, in making the representative a party to the suit, but does not deprive him of the right to insist on the non-presentation of the claim, nor does it revive in any manner the original *scire facias* which had been abandoned.

We think the demurrer to the plaintiff's replication was properly sustained, and that there is no error in the record.

Let the judgment be affirmed.