## HARRISON'S ADM'R *vs.* JONES' ADM'R.

[ACTION ON JUDGMENT—PLEA OF STATUTE OF NON-CLAIM.]

1. *Proof of presentation of claim.*—Where it appears that an execution against an administrator, on a judgment recovered against his intestate in his lifetime, was placed in the hands of the sheriff, and that the administrator, on seeing the execution, applied to the creditor for indulgence, which was granted to him,—this is sufficient proof of a presentation of the demand to avoid a plea of the statute of non-claim.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by Rebecca Jones, as the administratrix of William C. Jones, deceased, against William E. Boyd, as the administrator *de bonis non* of Reuben Harrison, deceased, and was founded on a judgment recovered by said William C. Jones, in the city court of Mobile, on the 29th March, 1854, against said Reuben Harrison and others. No pleas appear in the record, but the defense appears to have been rested on the statute of non-claim. It appeared from the evidence adduced on the trial, that the defendant's intestate died on the 29th May, 1854; that James D. Craig was appointed his administrator on the 28th June, 1854; that an execution was issued on said judgment a few days after Craig's appointment, and was placed in the hands of the sheriff of Dallas county; that this execution was shown by the sheriff to Craig, either on the application of the latter to see it, or on a demand of payment by the sheriff; and that Craig then objected to the regularity of the execution, because it purported to be an *alias*, instead of an original *fi. fa.*, and wrote a letter to the plaintiff's attorney of record, asking indulgence. That portion of Craig's letter, which relates to the question of indulgence, was in these words: "I am the administrator of Harrison, and am desirous of saving costs and trouble. I therefore propose, if you will suspend until the cotton crop is gathered, (say until 1st January next,) I will pay it without further trouble; else I shall be compelled to supersede. The estate, I have no doubt, is amply solvent; and my intention is, with the crop on hand, to sell property enough at the end of the year to pay all the debts; but, if I suffer the negroes [to be] levied on and sold, I will not be able to gather the crop." It appeared that the plaintiff's attorney answered this letter, accepting the proposition for indulgence; but it was not shown that the administrator received the answer. The defendant was appointed administrator in February, 1855, Craig having previously resigned; and this suit was instituted in October, 1856.

"The court charged the jury on this evidence, that if they found from the evidence that the defendant's intest-

ate died on the 29th May, 1854; that letters of administration on his estate were issued to Craig on the 28th June, 1854 ; that an execution issued on the judgment a few days afterwards, and was placed in the hands of the sheriff of Dallas; that said sheriff applied to Craig for payment thereof, or Craig applied to the sheriff, and saw the execution, and in that way learned the nature and amount of the claim now sued on ; and that Craig, as such administrator, immediately afterwards wrote the letter now in evidence to the plaintiff's attorney; and that said attorney replied, accepting the proposition contained in said letter; and that Craig, while still administrator of said estate, received the reply of plaintiff's attorney,— then this suit is not barred by the statute of non-claim."

This charge, to which the defendant excepted, is the only matter assigned as error.

D. S. TROY, for the appellant.

GEO. W. GAYLE, *contra*.

STONE, J.—The agreement to forbear in this case, made between plaintiff's attorney and the administrator in chief, is, perhaps, a sufficient consideration to uphold the promise made by Mr. Craig to pay the demand 1st January, 1855, and would probably bind him personally. It is not, however, necessary to settle this question absolutely. We think the evidence, if believed, established presentation; and the credibility of the testimony was fairly submitted to the jury.—Code, § 1883; Pollard v. Scears, 28 Ala. 484.

Judgment affirmed.