## CLARK, ADM'R, vs. WASHINGTON.

[ALLOWANCE OF CLAIM AGAINST INSOLVENT ESTATE.]

1. *Statute of non-claim, answer to plea of; when bad on demurrer.—* The answer to a plea of the statute of non-claim, which discloses the fact that a claim or debt against an insolvent estate was not presented to the representative of such estate, within eighteen months after the grant of letters testamentary or of administration on said estate, is bad on demurrer.--(PECK, C. J. *dissenting, and holding, that in this case the facts relied on, as a replication to the plea of statute of non-claim, were tantamount either to an actual presentment of the claim, or to a waiver thereof, or to an excuse for not presenting the same.*)

2. *Claim, presentation of; when may be inferred by jury.—*Nevertheless, upon an issue properly made before a jury, the facts relied on, as a replication in this case, may warrant a finding of a proper presentation of the claim.

APPEAL from the Probate Court of Greene.
Tried before Hon. WM. MILLER.

The material facts of the case are as fully set out in the opinion of the court, and in the dissenting opinion of the chief justice, as they can be gathered from a rather defective record.

MORGAN & JOLLY, for appellant.
W. P. WEBB, *contra.*

PETERS, J.—The record in this case is very defective in the statement of the facts on which the court acted. The controversy which is sent here for review and correction arose on the application of Mrs. Washington, in the probate court of Greene county, in this State, to have a claim allowed in her favor against the estate of Samuel F. Hale, deceased, for $5,550 00. The estate of Hale had been declared insolvent, and Clark, the administrator *de bonis non* of that estate, objected to the allowance of Mrs. Washington's claim, for several reasons—one of which was, that it had not been presented as required by law, within eighteen months after the grant of letters testamentary or of administration on Hale's estate, and that it was consequently barred by the statute of non-claim.

The mode of proceeding adopted by the parties to the controversy, in the probate court, was a statement of the cause of action against the estate of Hale as upon a complaint in an action at law, filed in the name of Mrs. Washington. To this, the representative of Hale's estate pleaded several pleas in objection to the allowance of the claim insisted on, as in an action at law, and the claimant replied and the representative rejoined until an issue in fact or in law was reached. A jury was waived and the issues were tried by the court alone. The decision of the court was in favor of Mrs. Washington, and the claim was ordered, by the court of probate, to be allowed. To this decision and judgment of the court the administrator of Hale's estate excepted, and tendered his bill of exceptions, reserving his objections, which was dated and signed by the judge presiding, and made a part of the record. From this order of allowance the controversy is brought, by appeal, to this court, by the administrator of the estate of Hale.

The claim here sought to be charged against the estate of Samuel F. Hale, deceased, was founded on a bill of exchange, on which the deceased was an acceptor. There were three pleas filed in objection to its allowance. Mrs. Washington asserted that she was the owner of the bill of exchange, and the claim for its allowance was set up in her favor.

The first plea insisted on the bar of the statute of non-

claim, for want of proper presentation, within eighteen months after grant of administration, and the second plea was to the same effect; but in it, it was insisted that the claim had not been filed as required by law, so as to remove the bar of the statute of non-claim. Both these objections might have been included in the same plea. The third plea will not be noticed in this opinion, as the evidence on which the court acted seems to have been left very uncertain, in the bill of exceptions, and its discussion is not necessary to dispose of the case.

To the first and second pleas there was a replication, which insisted on the fact that Mrs. Hale, who was the administratrix-in-chief of her husband's estate, (said Samuel F. Hale, deceased,) had, in July, 1863, given Mrs. Washington written notice to sue another party in the bill of exchange, in which notice there was an exact description of the bill and all its particulars—possibly a copy, though this is not certain. In this replication it appears that Mrs. Hale had been appointed administratrix of her husband's estate on the seventeenth day of September, 1861. It also appears in the pleadings that the bill of exchange fell due on the first of March, 1862, and that it had been duly protested, and notice thereof properly given to all the parties to it; and it is insisted that this notice to Mrs. Washington was a waiver of presentation, and the filing of said claim as required by the statute, so as to obviate the bar of non-claim, thus interposed.

To the replication thus pleaded the administrator of Hale demurred, and the demurrer was overruled by the court. In this the court erred. The demurrer should have been sustained. The replication did not show an actual presentation of the claim in controversy to the administrator of the estate of said Hale, within the time required by law, nor any sufficient excuse for the same. Less than this was not sufficient to remove the bar of the statute.

There must be an actual presentation of the claim within the statutory limit, or it must be filed in lieu of presentation, as required by law, (Rev. Code, §§ 2239, 2241,) or this must be waived.

In *Pippin, use, &c., v. Hewlett, Adm'r,* Chief Justice

Dargan lays down the rule, which has ever since been followed by this court. He says : "It is too well settled by the decisions of this court to be now controverted, that the mere knowledge on the part of an executor or administrator of the existence of a claim or debt against the estate he represents is not sufficient to supersede the necessity of presentation of the claim to him."—17 Ala. 291, 293. We feel no inclination to depart from this construction ; and governed by it, the replication in this case was bad, and should have been overturned on demurrer.

It may, nevertheless, be observed that upon an issue properly formed, the facts here relied on as a replication may furnish sufficient proof to a jury to sustain a finding in favor of a proper presentation of the claim, arising on the bill of exchange in a new trial.—*Harrison's Adm'r v. Jones' Adm'r*, 33 Ala. 258 ; *Frazier's Ex'rs v. Praytor*, 36 Ala. 691.

The judgment of the probate court is therefore reversed, and the cause is remanded for a new trial, that right and justice may be done.

Mrs. Washington will pay the costs of this appeal in this court and the court below.

PECK, C. J., *(dissenting.)*—I feel constrained to dissent from the decision of the majority of the court, just announced in this case.

I admit, a mere knowledge of a claim by an administrator is not sufficient to excuse the creditor from presenting his claim within the time prescribed by the statute ; but, in this case, there was much more than a mere knowledge of the existence of the claim. The administratrix not only knew of the claim, but she also knew all about it. She knew the nature, character, and even the very form and amount of the claim, and when due and payable ; but she insisted, her deceased husband was a mere accommodation acceptor—a mere security ; and with all this knowledge, she gave written notice to the holder and owner of the claim, Mrs. Washington, unless she sued the real debtor, a Mr. Ridgway, to the next succeeding court, she would not hold the estate of her said husband bound to pay it.

What good would a *formal* presentment of the claim have done, after all this? It would have given her no information that she did not already have. But, let us suppose, after this notice was given to Mrs. Washington, she had gone to Mrs. Hale, the administratrix, and made an actual formal presentment of the claim, what, most probably, would have taken place between these two ladies? Mrs. Hale, most likely, would have said, in substance, Mrs. Washington, you might have saved yourself all this trouble ; I know all about your claim, and did I not tell you, by my notice, I would not pay it, unless you sued Mr. Ridgway to the first court? Did you suppose I was not in earnest in this thing? After such an interview, they would hardly have separated with their good opinion of each other much increased.

The law never requires a vain thing to be done.

For these reasons, and others that might be given, I hold the statements in the first replication to the third plea, are tantamount to either an actual presentment of the claim, or a waiver of such presentment, or an excuse for not presenting the same. Therefore, I think, the demurrer to said replication was properly overruled, and that the judgment of the probate court should be affirmed.