# Waddill, Ex'r *v.* John, Guard'n.

### *Action on Note.*

1. *City Court of Selma; validity of act establishing.*—The statute creating the City Court of Selma, approved December 9, 1864, was a valid act of legislation, by a legal legislature of Alabama.

2. *Statute of non-claim; what not sufficient presentation to save bar of.* Where suit was instituted against the testator in his life-time, and on his decease revivor is had, within eighteen months on a *sci. fa.* void because not describing the claim, or stating the court in which suit was pending, and abandoned for that reason, and an *alias sci. fa.* issues, after eighteen months from the grant of letters, on which the executor is made a party; this is not such a presentation as will save the claim from the bar of the statute of non-claim of eighteen months.

APPEAL from Circuit Court of Dallas.
Tried before Hon. GEORGE H. CRAIG.
The opinion states the facts.

JASPER N. HANEY, for appellant.

FELLOWS & JOHNS, *contra.*

MANNING, J.—The objection made to the validity of the process and proceedings in this cause by reason of its

having been begun in the City Court of Selma, upon the
argument that this court being the creation of an act of the
legislature of 1864, during the war, was, therefore, not a
legal tribunal, is not well founded. The observations to
which we are referred, of the judge who delivered the
opinion in *Perkins, Treasurer v. Corbin, Judge, &c.*, on this
point (45 Ala. p. 116) were probably not concurred in by
his colleagues on the bench. At least, no proposition ex-
tracted from them, is stated as having been decided in that
case, according to the head-notes, which were prepared by
the judges themselves. Our views regarding the acts of the
legislature during the war are indicated in the opinion de-
livered in *Parks v. Coffey*, 52 Ala. 32, according to which
the City Court of Selma was legally established by a valid
statute.

The other important question in this cause is, whether
there was, or not, a presentation by appellee of the note sued
on, to appellant as executor, according to the statute of non-
claim, within eighteen months after the grant of letters
testamentary.

The testator, Wm. Waddill, died after the suit was
brought. His death being suggested in court, an order was
made that a *scire facias* issue to make his executor a party.
A writ for that purpose was issued and served on appellant,
but did not designate the court in which he must appear, or
the suit was pending. At the return term of the writ it was
ordered by the court that the action be revived against ap-
pellant. And at a subsequent term, more than eighteen
months after his appointment as executor, a motion was
made by an attorney, as *amicus curiæ*, that this order be set
aside, on the ground, among others assigned, that the *sci. fa.*
did not show what court the cause was pending in; and this
motion being overruled, a judgment was, a few days after-
wards, rendered for plaintiff against appellant as executor.
On appeal to the Supreme Court, it was held that the *sci. fa.*
was void for the reason above specified; in consequence of
which the judgment was reversed, and the cause remanded.
(See report of the case, 48 Ala. 232.) Appellee, plaintiff
below, then moved in the circuit court, that the defective
*sci. fa.* be set aside, and that another be issued; which was
ordered accordingly. On being thus brought into court,
appellant pleaded no presentation of the note sued on accord-
ing to the statute of non-claim. On the trial, appellee pro-
duced the note, admitted the death of testator and the ap-
pointment of appellant as executor, with the dates of these

[Waddill, Ex'r v. John, Guardian.]

, events, and further, "that the note sued upon was never presented to said executor, unless the pendency of the proceedings herein set out was a presentation, and was never filed in the probate court or office of the probate judge; and that no appearance was ever made by or for said William Waddill, or said J. Cooper Waddill, in this cause until this trial." Whereupon the court charged the jury that if they believed the evidence, they must find for plaintiff, and defendant excepted.

In regard to the statute of non-claim, this court said in *Jones' Ex'rs v. Lightfoot*, 10 Ala. 24: "If knowledge merely of the existence of the claim by the personal representative is sufficient in any conceivable case (except where the debt is due to the personal representative himself), it must be in this. The executors are the sons and heirs of the deceased, and it is clear from the proof, that they were perfectly aware of its existence, as they had consulted counsel about it. But, in our opinion, knowledge merely of the existence of the claim is not sufficient, and to hold that it was, would be, in effect, to repeal the statute. At least, it would introduce so many exceptions to the rule, that the rule itself would be rendered nugatory." This had been previously declared to be, and has ever since been, the doctrine of this court. It is settled, however, that the bringing of a suit which discloses what the claim sued on is, against an executor or administrator, or the revival against him of such a suit brought against his testator or intestate, upon service of a *sci. fa.* on the personal representative within eighteen months after the grant of letters, is a sufficient presentation within the meaning of the act. But it was also held in *Pipkin v. Hewlett*, 17 Ala. 291, that if the writ of *scire facias*, by which a suit is revived against an executor or administrator, and which was served within the eighteen months, be abandoned on account of an error in it, although it be afterwards followed up by an *alias*, which is served after the eighteen months have elapsed, the service of the first *sci. fa.* is not equivalent to a presentation of the claim.

The principle of that decision meets and solves the question in this case. In that there was an error in the christian name of the administratrix, but the writ described her as the administratrix, and was served on the person who was such. Yet, plaintiff having suggested the error, and asked for an *alias sci. fa.* against her by the right name, which was not served on her, and her successor in the administration having been subsequently made a party by a *sci. fa.,* which

[John v. City National Bank of Selma.]

was served on him more than eighteen months after the first grant of letters of administration, it was held there was no valid presentation of the claim.

In the cause now under consideration, a writ which did not describe the claim, or the court in which it was sued on, after being here declared for that reason void, was, on motion of plaintiff, set aside, and a new writ was sued out and served on appellant after the eighteen months had expired. Even more plainly than in *Pipkin v. Hewlett,* the facts of the case did not constitute a presentation within the meaning of the statute.

Section 2542 of the Revised Code, and the case of *Waller, adm'r v. Nelson, adm'r,* 48 Ala. 53, to which we are referred by appellee, relate to the revival of actions, to the procedure in suits renewable against personal representatives, and not to the question of presentation of claims, or the sufficiency of evidence to entitle the plaintiffs to judgments of recovery in such causes when revived.

For the error shown above, let the judgmer⁺ of the circuit court be reversed, and the cause remanded.