[Smith v. Fellows, Adm'r.]

# Smith *v.* Fellows, Adm'r.

*Action against Administrator for Money had and received by Intestate.*

1. *Statute barring claims against estate of decedent; purpose of sections* 2597 *and* 2598, *Code of* 1876.—The provisions of sections 2597 and 2598 of the Code of 1876, limiting the time within which claims against decedents' estates will be barred, have been of force since 1815, and have been frequently construed. The purpose of the statute was to promote a speedy, safe, and definitive settlement of estates, by giving the personal representative notice and knowledge of all claims against the estate in his hands. These, and other patent results of the statute, go to make up a policy to which it is the duty of courts to give full effect.

2. *Same; what sufficient presentation of claim.*—To constitute a sufficient presentation of a claim, under the statute, the nature and amount of the claim must be brought to the attention of the personal representative by some one authorized to make the presentation, and the representative must be notified expressly or impliedly that the estate is looked to for payment. Less than this does not meet the purpose of the statute.

3. *Same; when the claim is an open account or legal liability,* it should be reduced to writing, and be so presented. Less than this would not be sufficient information for the representative to base action upon. (Affirming *Bigger v. Hutchings,* 2 Stew. 445.)

4. *Same; provision of* § 2599; *what inquiry not unreasonable.*—Under section 2599 of the Code of 1876, "the presentation may be made either to the executor or administrator, or by filing the claim, or a statement thereof, in the office of the judge of probate, in which letters were granted." And to file such claim in the probate office, it must, unless a written contract, be reduced to writing. The requisites of a valid presentation, and the object to be attained, being manifestly the same in each of these optional methods, it becomes not unreasonable to inquire whether they would be sufficient, if filed in the office of the judge of probate and entered on his docket, when given facts and circumstances are relied on as proof of personal representation.

5. *Charge given; what not error; when explanatory charge allowable.*—Where a charge asserts a general principle correctly, but is objected to because of its tendency to mislead, owing to the facts of a particular case, it is the privilege of the party objecting to ask an explanatory charge. A charge given, which is objectionable alone because of its tendency to mislead, is no ground for reversal.

6. *Action for money had and received; when will lie; recovery under.*—An action for money had and received by an intestate in his life time, as trustee, will lie against his administrator, if there are no unsettled matters of account growing out of the trust; and it is no obstacle to this form of action that the amount claimed is greater than that proved to be due.

7. *Amendment of complaint; when properly disallowed.*—When an amended complaint fails to present a cause of action not fully covered by the original complaint, the refusal of the court to allow the amendment cannot work injustice, and hence is not error.

APPEAL from the City Court of Selma.
Tried before the Hon. JONATHAN HARALSON.
This action was brought at the fall term, 1875, of the Cir-

cuit Court of Dallas county, and on the 9th of June, 1876, was, by written consent of all parties, transferred to the City Court of Selma, where trial was had. The action was against Wm. H. Fellows, as administrator of the estate of one Dent Lamar, deceased, "for three thousand dollars, due from the said intestate's estate, to the plaintiff (Mary E. Smith), by account on the — day of July, 1856, for so much money by the said Dent Lamar, then living and since deceased, had and received, to and for the use of the plaintiff." The following are the facts of the case.

One O. C. G. Moss lived in this State—owned personal property in Louisiana—died in Dallas county, Alabama, in 1855. His heirs were his brothers and sisters, to-wit: Mrs. James Norris, Sterling Moss, James Moss, Henry Moss, Mary DuBose, and Mrs. M. G. Lamar, wife of Dent Lamar, who died intestate before her brother, leaving her five children, by Dent Lamar, her heirs at law, viz: M. D. Lamar, O. C. G. Lamar, Sarah Lamar, John Lamar, and Mary E., now Smith, and who is plaintiff.

The heirs at law of O. C. G. Moss, employed Dent Lamar, the father of plaintiff, to go to Louisiana and settle the Moss estate for them. The property of the estate seems to have been divided, and Dent Lamar received this *property* for those heirs of O. C. G. Moss who lived in Alabama. Dent Lamar received negroes for Mrs. Morris, and delivered them to her husband, and he received for his children four negroes and some cotton—how much is not shown.

The estate of O. C. G. Moss was supposed to be worth $27,000; of this the children of Mrs. Lamar were entitled to one-sixth, or $4,500, and the plaintiff to one-fifth of one-sixth, or $900. Dent Lamar returned from Louisiana with the property of the distributees about January, 1856. He settled with some of his children, and spoke of settling with others on various occasions in 1868 and 1869, and at some of these times spoke of conveying to them real estate. One of the negro slaves he got from the "Moss estate," for his children, died before the war, and the others were emancipated by the war. While these negroes were slaves, Dent Lamar held them as bailee, or in trust, for his children; spoke of them as "belong to you children," and refused to dispose of them because they did not belong to him, but to "you children."

There is no proof as to the quantity or value of the cotton Dent Lamar received for his children, nor is there any proof of the value of the negroes he received for them. Dent Lamar, after the "surrender," began to fail, his memory became impaired, and he continued to grow worse till in

1868 he lost his mind entirely, and on the 10th of July, 1869, was declared a lunatic or *non compos mentis*. He died in September, 1870. Letters of administration were granted to defendant, Fellows, on the 9th of November, 1870.

Nunn testified that, as agent for plaintiff, he spoke to Fellows, as administrator, about plaintiff's claim, and informed the defendant of it about April, 1872. The plaintiff was born 9th of February, 1850. Fellows testifies that the first conversation about which Nunn testifies, took place in 1873, about April, and gave circumstances to sustain his recollection. He also testifies that he was never informed of the nature of the claim, or the amount thereof, nor when it was due; nor was any claim in writing ever presented to him on behalf of plaintiff, and he never knew the character of plaintiff's demand, when it became due or its amount, till he heard it from plaintiff's witness on the stand, after the trial began. Nunn also testified, " Neither defendant or witness *knew the amount* of said claim."

The complaint consists of two "common" counts : one for money had and received, and one on account stated, with averments as to both counts, that plaintiff was an infant when the money was received and when the account was stated, and that the amount was her statutory separate estate. To this complaint the defendant pleaded the general issue—the statute of limitations of three and six years, and also the statute of non-claim ; and that more than three years had elapsed after plaintiff became of full age before she brought this suit. Also, that Dent Lamar was *non compos mentis* at, and for a long period before the time, it was alleged that he stated the account.

After the testimony was all in, except a part in rebuttal, the plaintiff moved the court for leave to amend the complaint by adding thereto a count claiming twelve hundred dollars for money had and received by the defendant's intestate on the 1st day of May, 1869, as plaintiff's trustee, and in trust for her use. The defendant objected to the amendment, and the court refused leave to amend as proposed, and the plaintiff excepted.

After the conclusion of the evidence, the court charged the jury generally as to the law under the evidence that would entitle plaintiff to recover. The court then gave a charge at the request of defendant, to which plaintiff excepted, when the court then added, " that they must consider said charge in connection with what had been given in the general charge on the same point." All of the material charges ruled upon are set out in the opinion.

The appellant now assigns as error—

1st. The refusal of the court to allow him to amend his complaint.

2d. In giving the charge excepted to.

3d. All other errors in the record.

REID & MAY, and BRAGG & THORINGTON, for appellant.—1. The proof had shown that plaintiff's claim arose out of a direct trust, and the court erred in refusing to allow the plaintiff to amend her complaint by inserting a count of this character.—*Crimm's Adm'r v. Crawford*, 29 Ala. 626.

2. The court erred in giving the charge asked by appellee and excepted to by plaintiff. The proposition set out in said charge was never the law. The language of said charge was used at an early day in *Bigger, Adm'r, v. Hutchings*, 2 Stew. 445, not as laying down the law, but merely suggesting a *form of presentation, intelligible and enduring,* so as to avoid dispute about presentation of claims. The rule was differently laid down in *Jones' Ex'r v. Lightfoot*, 10 Ala. 17. See, also, *Pollard v. Sear's Adm'r*, 28 Ala. 486 ; 20 Ala. 680 ; *Hallet & Walker, Ex'rs, v. Branch Bank of Mobile*, 12 Ala. 196, 197 ; *Harrison's Adm'r v. Jones' Adm'r*, 33 Ala. 260 ; *Frazier's Ex'rs v. Proytor*, 36 Ala. 694.

3. Upon the facts of this case, an action will lie for money had and received for the plaintiff's use.—*Hitchcock et al. v. Lukens & Son*, 8 Port. 33, and authorities cited ; *Jutt v. Ide*, 3 Black. C. C. 249 ; *Williams v. Hill*, 19 How. 246.

FELLOWS & JOHNS, *contra.*—1. The loose, vague, and incoherent declarations of Lamar to his children, when his mind was fast decaying, should have little weight ; but give them full force and they are wholly insufficient to fix on him a liability for any amount of money had and received.—*Fuller v. Duren*, 36 Ala. 73. •

2. The case of *Fuller v. Duren, supra,* and of *Vincent v. Rodgers*, 30 Ala. 471, and many other authorities, show conclusively that the action for money had and received cannot be maintained upon the facts shown in this case.

3. If the plaintiff had any right to recover, then the original complaint gave her as much right as the amendment would have given, and the refusal to allow the amendment was not unjust nor erroneous. If there was error, it was without injury.

4. The charge given, and excepted to by plaintiff, was correct by itself ; it was certainly correct with the explanation by the court " to consider it with the general charge on the same point." This charge was gotten up on the authority of Bigger's case, in 2 Stew. 445. This case has since been

approved by Supreme Court and adhered to, and it is now too late to question it. Upon this point, and as to what constitutes a sufficient presentation, see *Jones v. Lightfoot*, 10 Ala. 17 ; *Pipkin v. Hewlett*, 7 Ib. 291 ; *Clark v. Washington*, 44 Ib. 291 ; *Halfman v. Ellison & Son*, 51 Ib. 543.

5. If said charge did tend to mislead the jury, that is not a reversible error, because the party excepting did not ask an explanatory charge.—*Abraham Bro. v. Flinn*, 42 Ala. 51 ; *Scully v. State*, 39 Ib. 240 ; *Fitzpatrick v. Hays*, 36 Ib. 684.

STONE, J.—"All claims against the estate of a deceased person must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary or of administration; and if not presented within that time, are forever barred.—Code of 1876, § 2597.

The provisions of the preceding section do not apply to minors, or persons of unsound mind, who are allowed eighteen months after the removal of their respective disabilities, or to heirs or legatees claiming as such."—*Ib.* § 2598. The provisions of the preceding sections, with some modification not material to this case, have been of force since 1815—before we had a State government; and they have been frequently construed in this court. The purpose of this statute was to promote a speedy, safe, and definitive settlement of estates, by giving the personal representative notice and knowledge of all claims against the estate in his hands. Having such knowledge, he can determine advisedly when it is his duty to report the estate insolvent; and, at the end of eighteen months, if the claims presented are not equal to the available assets, he can safely pay debts, or make distribution, total or partial, as the condition of the estate may warrant. Moreover, such presentation informs him whether or not the claims against the estate exceed the amount of its personal assets, and whether or not he can safely surrender the lands of the estate to the heirs or devisees; or, whether it is his duty to petition for an order to sell the lands for the payment of debts. These patent results of the statute go to make up a policy, to which it is the duty of the courts to give full effect.

What will amount to a sufficient presentation, is a question which has been many times before this court. In *Bigger v. Hutchings*, 2 Stew. 445-8, our predecessors said, "The original bond, note or contract on which the debt accrued, or at least an abstract or copy, should be presented as evidence of the claim, and if the claim arise on an open account or legal liability, it should be reduced to writing, and be so pre-

sented." So, in *Jones v. Lightfoot*, 10 Ala. 17, the court reaffirmed the rule laid down in *Bigger v. Hutchings, supra*, and said, "The plain and obvious design of the statute was, to enable distributees and legatees to demand a distribution of the estate at the expiration of eighteen months from the grant of letters, unless it was necessary for the executor or administrator to retain it longer in his hands for the purpose of paying debts. To justify him in so doing, he must be furnished with the evidence that claims exist against the estate and will be enforced. This evidence the statute requires to be a *presentment* of the claim, and in our opinion nothing short of an actual presentment will satisfy its demand." In the same case it had been decided that "knowledge merely of the existence of a claim is not sufficient, and to hold that it was, would be, in effect, to repeal the statute." So, in *Hallett v. Br. Bank*, 12 Ala. 193, this court ruled that a notice of protest, coming from a notary public, and served on the personal representative, or otherwise shown to have come to his hands, "will be sufficient to withdraw the claim from the influence of the statute of non-claim, if it describe the bill or note with accuracy, and informs the representative who the holder is, and that he looks to the administrator for payment." This is put on the ground that the notary, in that capacity, is authorized to receive payment of the bill or note.—See, also, *Pharis v. Leachman*, 20 Ala. 662, 678; *Pollard v. Sears*, 28 Ala. 484; *Harrison v. Jones*, 33 Ala. 258; *Fretwell v. McLemore*, 52 Ala. 124, 142; *Frazier v. Prater*, 36 Ala. 691; *Budger v. Kelly*, 10 Ala. 944; *Pipkin v. Hewitt*, 17 Ala. 291; *Posey v. Decatur Bank*, 12 Ala. 802. The result of our rulings on this question is, that to constitute a sufficient presentation, the nature and amount of the claim must be brought to the attention of the personal representative, by some one authorized in law or fact to make the presentation, and the representative must be notified, expressly or impliedly, that the estate is looked to for payment. Less than this does not meet the purpose of the statute, or sufficiently inform the representative, to enable him to determine whether or not he will pay the claim, whether or not the estate is solvent, and whether or not he will pay debts in full, assent to legacies, surrender the real estate to heirs or devisees, and make distribution. All our decisions are reconcilable with this view, and it maintains the true rule and policy of the statute. This rule has existed too long without material judicial or legislative change, to be open to reconsideration in this court. We feel bound, both by authority and reason, to adhere to it.

We feel also bound, as a corollary of the above, to adhere

to that other principle declared in *Bigger v. Hutchings, supra,* that where the claim is "an open account or legal liability, it should be reduced to writing, and be so presented." Less than this would not be sufficient information for the representative to base action upon. Moreover, the statute, Code of 1876, § 2599, declares that "the presentation may be made either to the executor or administrator, or by filing the claim, or a statement thereof, in the office of the judge of probate in which letters were granted." To file such claim in the office of the judge of probate, it must necessarily be reduced to writing, unless it is itself a written contract. It is manifest that the requisites of a valid presentation must, in each of these optional methods, be substantially the same. The object to be attained is in each case the same, and it is common logic to hold that the quantum of information to constitute presentation must, in each case, be substantially the same. It is not unreasonable, therefore, when given facts and circumstances are relied on as proof of personal presentation, to inquire whether they would be sufficient, if filed in office of the judge of probate, and entered on his docket.— See, also, *Waddell v. John,* 57 Ala. 93.

The charge numbered four, given at the instance of defendant in the court below—appellee here—is strictly in accordance with these views, as far as the same are applicable to the facts of this case. But, in the present case the plaintiff was a minor when Fellows received his appointment as administrator; and consequently the statute of non-claim did not commence to run, until she reached her majority, some months afterwards. The charge numbered four, ignores plaintiff's minority. It instructed the jury that plaintiff could not recover, "unless her claim was presented to the administrator, or filed in the probate court of the county within eighteen months after the date of the grant of letters to the defendant." The court then told the jury "they must consider said fourth charge in connection with what had been given in the general charge on the same point." The general charge on the subject of presentation instructed the jury that to authorize plaintiff to recover, "they must find from the evidence that the claim was presented to the defendant, as the administrator of the estate of Dent Lamar, deceased, by the plaintiff, or by some one authorized to present the claim, within eighteen months after the grant of letters of administration on said estate to the defendant, if the plaintiff was twenty-one years old when said letters were granted; or, if the plaintiff was a minor when such letters were granted, then the claim must have been presented within eighteen months after she became twenty-one years

of age." This general charge stated the law correctly and fully, applicable to the facts of this case; and the explanatory charge given in connection with charge four, rendered it practically impossible that the jury could have been misled. The proposition of the charge excepted to asserts the general principle correctly; and if appellant was apprehensive it would mislead the jury, owing to the special and exceptional facts of this case, it was the privilege and duty of her counsel to ask an explanatory charge. A charge given, which is objectionable alone on the ground of its tendency to mislead, is no ground of reversal.—*Hemingway v. Garth*, 51 Ala. 530; 1 Brick. Dig. 326, § 10.

We can not perceive that the refusal of the court to allow plaintiff to file an additional count, worked any injustice. The bill of exceptions sets out all the evidence, and there does not appear to have been "any mistake in the christian or sur-name of either party, sum of money," &c., as contemplated in section 3157, Code of 1876. The original complaint contained a count for $3,000, had and received. Under this count the plaintiff could recover that, or any less sum, if she proved her cause of action. Claiming more than is proved to be due, is no obstacle to a recovery in this form of action. And, if intestate received and held the money as trustee, and there were no unsettled matters of account growing out of the trust—(none were claimed in this case)—the action for money had and received would lie.—See *Hitchcock v. Lukens*, 8 Por. 333; *Vincent v. Rogers*, 30 Ala. 471. It is worthy of remark that the count offered as an amendment, while it seeks to charge Lamar's estate for money received by him as trustee, does not aver that any demand of the money was ever made. See complaint in *Vincent v. Rogers, supra*. On the other hand, if Lamar did hold the funds in trust, and there were unsettled accounts growing out of it, he could not be held to account for them in an action at law.—*Vincent v. Rogers*. In any view we can take of this question, we can not perceive that the amended complaint presented a cause of action, not fully covered by the original complaint, and the City Court did not err in refusing to allow the amendment.

There is no error in the record, and the judgment of the City Court is affirmed.