# Floyd *v.* Clayton, Ex'r.

*Action on Promissory Note ; plea, statute of non-claim.*

67   265
101   203
67   265
119   240

67   265
121   517

67   265
130   220

67   265
132   90

67   265
135   146
135   327

1. *Statute of non-claim; how presentation made to prevent bar of.*—Claims against the estates of deceased persons, may, to prevent the bar of the statute of non-claim, be presented in three different modes, viz : 1. By presenting the claim, or an accurate description of it, to the personal representative, in person. 2. By filing a statement of the claim, within eighteen months after the grant of letters, or after the accrual of the claim, in the office of the judge of probate of the county in which the letters were granted. 3. By filing the claim itself, within that period, in the office of the judge of probate.

2. *Claims against the estates of deceased persons must be docketed.*—If the claim, or a statement of it, is filed in the office of the judge of probate, the statute, (Code, §§ 876, 2599), requires such claim or statement to be docketed, and if demanded a statement must be given by the judge showing the time of presentation.

3. *Claim, statement of ; filing of, is act of creditor.*—If, instead of filing the claim itself, the creditor files a statement of it, this is his act and not that of the judge of probate, or of any ministerial officer, charged with the duty of making the statement.

4. *Statement of claim ; what it must contain.*—The statement need not observe the certainty of description essential in pleading, but it must of itself inform the personal representative, on inspecting it, of the nature, character, and amount of the liability it imposes, and must distinguish it with reasonable certainty from all similar claims.

5. *Statement of claim, in this case, held insufficient.*—A statement written in the "claim book," in the office of the judge of probate, by him, for a creditor holding a promissory note, that "F. claims as security, July 20, 1865, $545," does not inform the personal representative that the claim is a promissory

[Floyd .v. Clayton, Ex'r.]

note made by the deceased, nor its amount, nor its date, nor to whom payable, or when due, is too vague and indefinite, and is not such a presentation of the claim, as will operate to prevent the bar of the statute of non-claim.

6. *Non-claim, bar of statute of ; prevented by filing the claim, although not docketed.*—When the creditor files the claim itself, its subsequent docketing is the duty of the probate judge, and his omission or neglect of that duty, cannot be invoked to the prejudice of the creditor, and the presentation is sufficient to prevent the bar of the statute of non-claim.

7. *Claim or statement must remain on file during the whole period of eighteen months.*—The claim, or a proper statement of it, must remain on file during the whole of the eighteen months, and if the creditor, after filing the claim itself, should, without leaving such a statement in the office of the probate judge, withdraw it, and not restore it within eighteen months, this would operate as an adandonment of the presentation.

8. *Suit operates as a presentment.*—The commencement of a suit within the statutory period, and its continued prosecution, operates as a presentation of the claim on which it is founded.

9. *Void and voidable letters of administration, distinction as to acts done under authority of.*—Whatever is done under the authority of letters of administration, which are void, *ab initio*, is without validity, but whatever is rightfully done, before revocation, under letters which are merely voidable, is as valid as if the grant itself were rightful.

10. *Presentment of claims to administrator when administration voidable, is sufficient.*—A grant of letters of administration, as in cases of intestacy, when the deceased left a will, which had not been admitted to probate, is voidable, and not void, and creditors may safely deal with such administrator and make presentment to him, of claims against the estate, and presentation to him, is operative against the executor after the grant of letters testamentary, and saves the bar of the statute of non-claim.

11. *Repeated presentments not required.*—The statute does not require repeated, or renewed presentments, as often as there may be changes in the administration.

APPEAL from Barbour Circuit Court.

Tried before JAMES M. BUFORD, Esq., an attorney of the court, sitting and presiding in the case by consent of the parties, the presiding judge of the court being the party defendant.

This suit was brought October 5, 1868, by Page Floyd against Henry D. Clayton, as executor of the will of Richard H. Fryer, deceased, and was founded on a promissory note made by said Fryer, and one Fenn (who was not sued in this action), on January 1, 1858, for five hundred and forty dollars, and on which there had been made a payment of two hundred dollars. The note was payable to Collins, and is, the complaint avers, the property of the plaintiff. The defendant pleaded "in short, by consent," the statute of non-claim.

Richard H. Fryer died in 1864, and Lucinda Fryer, his widow, took out letters of administration on his estate on June 14, 1864. She continued to act as administratrix until August 23, 1866, when she made a final settlement of her administration, and turned the property of the estate over to H. D. Clayton, who had taken out letters testamentary, as the executor of the will of R. H. Fryer on July 18, 1866, in the probate court of Barbour county. This will had been in

the possession of said Lucinda Fryer, during all the time she acted as administratrix, but owing to conflicting advice of counsel as to its validity, it was not probated until July, 1866. The plaintiff read the note in evidence, and then introduced the "claim book," which was kept in the office of the judge of probate, and which was admitted to be the book in which claims against the estates of deceased persons, which were presented to be filed in the office of the judge of probate, were stated. In this book was the following entry: "Richard H. Fryer est. Page Floyd claims as security July 20, 1865 $545." The plaintiff testified that before said Fenn died he became the owner of the note, and presented it to Fryer for payment; that after Fryer's death, on July 20th, 1865, he went to the office of the judge of probate of Barbour county, and gave the said note to the judge of probate, who took it and made the entry on the claim book, which is set out above. He left the note with the judge of probate until he called and took it from the office, about August 10, 1867, and returned it there about August 18, 1867, and requested the judge of probate to hand it to a lawyer to bring suit on it. The plaintiff asked the court to give the following written charge to the jury. "If the jury believe the evidence they must find for the plaintiff for the principal and interest, less the payment on the note in evidence." This charge the court refused to give, and the defendant excepted. The defendant asked the court in writing to charge the jury, "that the statement of the claim, as shown by the docket on the book of claims, does not describe the note with sufficient accuracy to avoid the bar of the statute of non-claim. 2. If the jury believe the evidence, they must find for the defendant. The court gave these charges, and the plaintiff duly excepted. There was a verdict for the defendant. The errors assigned are, the giving and the refusal of the charges.

JOHN A. FOSTER, for the appellant.—The letters of administration granted to Mrs. Floyd were not void, but were valid until revoked by the probate court.—Coltart v. Allen, 40 Ala. 155; Curtis v. Williams, 12 Ala. 570. The presentation to her was sufficient.—Code 1876 §§ 2597-8-9. It was not necessary to present it again to the executor who succeeded her. Love's Adm'r v. Jones, 15 Ala. 545; Pipkin v. Hewlett, 11 Ala. 291. The note was in the office of the judge of probate for eighteen months after the grant of letters to appellee, and as the note was on file, he had ample opportunity for inquiry as to the nature of the claim. The appellant did all he could to comply with the statute requiring presentment, and the failure of the judge of probate to docket the claim properly, can

[Floyd v. Clayton, Ex'r.]

not be charged against him. There was no statement of the claim filed in this case, but the claim itself was handed to the judge of probate, by the creditor, and was filed with him, and hence the case of *Halfman v. Halfman*, 51 Ala. 546, has no application. Strict accuracy is not required in the docketing of these claims, but this is a mere memorandum for the purpose of directing the representative, or others, to the files for information as to the claims.

D. M. SEALS, for appellee.—The statement on the claim-book was vague and insufficient. It did not inform the personal representative of the nature of the claim, nor did it give the name of the maker of the note, nor state when it became due. It was not a compliance with the statute, and did not prevent the operation of the statute of non-claim. Nor did this statement give the executor any notice that the claim had been left with the judge of probate. The statute requires such claims to be docketed, and this is the evidence that they have been filed. The executor had no notice of any valid claim against the estate. Handing a conveyance to the judge of probate does not cure his failure to record it correctly.—*Jones v. Park*, 22 Ala. 446; 19 Ala. 365. The claim was barred by the statute of non-claim, and the court committed no error in the charge given at the request of the defendant.

BRICKELL, C. J.—The presentation of a claim against the estate of a deceased person, to prevent the bar of the statute of non-claim, may be made in three different modes : 1. The presentment of the claim, or of an accurate description thereof, may be made to the executor or administrator in person. 2. Within eighteen months after the grant of administration, or after the accrual of the claim, a statement of the claim may be filed by the creditor or claimant in the office of the judge of probate, in which letters testamentary, or of administration, were granted. 3. The claim itself may, within that period, be filed in the office of the judge of probate. If either of the latter modes of presentment is adopted the statute requires the statement, or the claim to be docketed, with a note of the time of such presentation, and if required, a statement must be given by the judge, showing the time of presentation.—Code of 1876, § 2599. If, instead of filing the claim itself, a statement thereof is filed, the making of such statement is the act of the creditor or of the claimant, and not of the judge of probate, or of any ministerial officer, charged with the duty of making the statement. The statute simply gives to the creditor or

claimant the privilege of substituting for a presentation to the personal representative, in person, or the filing of the claim itself, the filing a statement of the claim. The statement filed by the creditor or claimant, must not be so indefinite and uncertain, that on inquiry by the personal representative at the office of the judge of probate, and on examination of it, he could not ascertain the real character of the claim, and whether it imparts a claim for which the estate of the decedent was liable. Technical accuracy, the certainty of description essential in pleading, may not be observed, but the statement must, of itself, inform the personal representative, on an inspection of it, of the nature, character, and amount of the liability it imports, and must distinguish it with reasonable certainty from all similar claims.—*Hallett v. Br. Bank Mobile*, 12 Ala. 193 ; *Posey v. Decatur Bank, Ib.* 802 ; *Halfman v. Ellison*, 51 Ala. 543 ; *Bibb & Falkner v. Mitchell*, 58 Ala. 657.

The docketing of this claim, the entry on the docket, or register of claims, by the probate judge, tested by the rule stated, is too vague and indefinite. It would not impart to the personal representative information that the claim intended was a promissory note made by the decedent in his life, or of its amount, or time of payment, or to whom payable, so that direction would be given to his inquiries into its validity and justness. And if this were the only presentment, and was the act of the party, it would not save the bar of the statute of non-claim. But that entry was the act of the probate judge, and not of the creditor. The creditor discharging a duty incumbent on him, filed the note, the claim itself, and not a statement of it, as a presentment. The docketing of the claim, was the duty and act of the probate judge, to be performed after the creditor had filed the note. The rule of law, founded in necessity, and of general application, is, that when a party discharges a duty imposed by law, the omission or neglect of a public officer, in the discharge of a subsequent duty, shall not be invoked to his prejudice.—*Halfman v. Ellison, supra.* The filing of the note, notwithstanding the vague and indefinite entry of it, on the docket of claims, operated as a presentation on the day of its filing. The personal representative ought not to have looked alone to that entry. Imperfect as it is, it ought to have put him on the inquiry, and inquiry would have led him to the knowledge that the note itself was filed, and not a statement of it.

When a statement of the claim, or the claim itself, is filed in the office of the judge of probate, the statute contemplates that the one, or the other, must remain of file. During the

whole of the eighteen months, the personal representative has the right of examining the office of the judge of probate for claims. And even after that period has elapsed, it is important for him to know the claims which have been presented. He cannot, without such knowledge, proceed safely in the administration. If, therefore, the creditor, after filing the claim itself, should, within the eighteen months, withdraw it from the files, and not within that period restore it, leaving there no sufficient statement or memorandum of the claim, it would operate an abandonment of the presentation. The commencement of a suit within the statutory period, and its continued prosecution, operates as a presentment of the claim on which the suit is founded.—*Hunley v. Shuford*, 11 Ala. 203. But if the suit is voluntarily abandoned, it will not operate a presentment.—*Bigger v. Hutchings*, 2 Stew. 445; *Dilbore v. Moorer*, 14 Ala. 426 ; *Pipkin v. Hewlett*, 17 Ala. 291. The presentment would deceive and mislead the personal representative, if the creditor was allowed to withdraw the claim from the files, leaving no statement or memorandum, informing the personal representative of the fact of presentment, and of the nature and character of the claim, upon which there could be reliance and action. If there be a necessity for the withdrawal, the creditor has but to supply its place, by placing, in lieu of the claim, a sufficient statement of it on the files. Though the note was filed, if it was withdrawn within the eighteen months by the creditor, and not within that period restored to the files, and no other memorandum or statement left, than the vague, indefinite entry found on the docket, there was not a presentment which would avoid the bar of the statute.

There is a manifest distinction between grants of administration which are void, *ab initio*, and grants which are voidable and revocable. In the first case, whatever may be done under the grant, is without validity. In the other, whatever is rightfully done before revocation, is of the same validity as if the grant was rightful.—1 Williams Ex'rs, 517, *et seq.* A grant of administration, as in case of intestacy, when the deceased left a will, which had not been admitted to probate, is voidable, not void.—*Jennings v. Moses*, 38 Ala. 402. Acts in which third persons have an interest, done by the representative under a voidable grant, are, generally, valid, and bind the executor.—*Kittredge v. Falum*, 8 N. H. 98 ; *Bigelow v. Bigelow*, 4 Ohio, (Hamm.) 138 ; appeal of Robert Peebles 15 Serg. & Rawles, 39 ; *Benson v. Price*, 2 Nott & McC. 577 ; *Foster v. Brown*, 1 Bailey, 221 ; *Price v. Nesbit*, 1 Hill Ch. 461. The creditor here, had no knowledge of the existence of the will; he was never put on enquiry, whether the de-

[Trawick v. Trawick.]

cedent died testate, or intestate. Upon the records of the court of probate, as to the grant of administration, a court of general jurisdiction, its judgments imparting verity and jurisdiction, he found a grant of administration. Until that grant was revoked, he could safely deal with the administratrix as the rightful representative, and rely upon its validity. It was his right to make presentment of his claim to her, and the presentment is as operative against the executor subsequently taking probate of the will, and obtaining letters testamentary, as if the administration had been rightful, and he was a succeeding administrator *de bonis non.* From the administratrix the creditor could rightfully have received payment, and payment by her would have been an extinguishment of the demand as to the estate. Having the right to demand and receive from her payment, he had a corresponding right to make presentment to her, and the presentment saved the bar of the staute of non-claim, though it was not renewed to the executor. The statute does not contemplate renewed or repeated presentments, as often as there may be changes of the administration.

The rulings of the Circuit Court were not in conformity to these views, and its judgment is reversed, and the cause remanded.