Farmer and Wife v. Ray and Wife.

## FARMER AND WIFE *vs.* RAY AND WIFE.

[APPLICATION TO HAVE DOWER ASSIGNED.]

1. *Dower; suits for, must be made in three years from death of husband.* An application by the heir to have dower assigned to the widow, is a "suit, or proceeding for dower," within the meaning of § 1372 of the Code, (1852,) and this statute fixes the death of the husband as the time from which the limitation commences running, and not from grant of administration.

2. *Same; title to land vests in heir, subject to.*—The title to land vests in the heir on the death of the ancestor, subject to the right of the widow to dower, and when that is barred, or when she refuses to receive it, the right and title of the heir becomes disencumbered from the right to dower, and vests absolutely and unincumbered in the heir.

APPEAL from the Probate Court of Mobile.

THIS was a proceeding by Caleb C. Farmer, and Mary L. Farmer, his wife, to have dower assigned to Catharine Ray, in the land of her former husband, Ferdinand Wilkie, deceased, and was commenced by petition on the 2d day of

February, 1867.   The petition disclosed the following facts:
That Ferdinand Wilkie died intestate in the city of Mobile,
in the year 1851, or 1852, seized and possessed in fee of a
parcel of land situated in said city, leaving his widow, the
said Catharine Ray, (then Wilkie); that at the time of
filing the petition, the said Mary L. Farmer was the sole
heir, and only surviving daughter of said Wilkie, and that
she intermarried with Caleb C. Farmer on the 1st of August,
1865 ; that said Catharine afterwards intermarried with
one Patrick Ray; that no administration had ever been
granted upon the estate of said Ferdinand, and that there
were no debts existing against his estate ; that said Catha-
rine had occupied said lands ever since said Ferdinand's
death, but no dower had ever been assigned to her.   Catha-
rine Ray and her husband, Patrick Ray, were made defend-
ants to this proceeding.   They appeared and pleaded,
among other things, that the statute of limitations of three
years, in Code of Alabama, § 1372, bars all proceedings
for dower.   This plea was demurred to, as being no an-
swer to the allegations in this case, but the demurrer was
overruled, and petition dismissed.   For this ruling, the
petitioners appealed, and assigned the same as error.

POSEY & TOMPKINS, for appellants.
HALL AND LABUZAN, *contra*.


BYRD, J.—1. In *Martin v. Martin*, 35 Ala. 568, this
court held that the statute of limitations of three years,
(Code, § 1372,) was a bar to dower where the husband died
before the adoption of the Code, and the application for
dower was not made until after the expiration of three
years from the time the Code went into operation as the
law of the land.   And in the case of *Boynton v. Sawyer
and Wife*, 35 Ala. 497, this court held, that the right to
quarantine terminated when the right to an assignment of
dower became barred by the statute of limitations.

The language of the statute is broad and comprehensive.
It is, "all suits or proceedings for dower must be com-
menced within three years after the death of the husband,
and not after."   This has been repealed, but not until the

time had run in this case, and the case of *Martin v. Martin*, is therefore in point. The words of the statute, taken in the acceptation which the rules of law prescribe, leaves us no discretion or room for construction, and we must hold that the court below properly dismissed the proceeding at the instance or on the answer of the appellees.

It is unnecessary for us to say what effect such a dismissal may have on the rights of appellees, if they have any in the land. The statute fixes the death of the husband as the time from which the limitation commences running, and not from grant of administration.

Under the statute of law of this State, an heir may apply to the probate court for an assignment of dower to the widow, and such application is a "suit or proceeding for dower" within the meaning of § 1372 of the Code, and the limitation must be held to be available as well to one party as the other. The title to the land vests in the heir on the death of the ancestor, and subject to the right of the widow to dower, and when that is barred, the right and title of the heir becomes disencumbered from the right of dower, and vests absolutely and unincumbered in the heir. By a refusal to receive the dower which the law assigns her, the heir may become entitled in like manner, as if it were barred by the statute of limitations.

Affirmed.