## SPEEDE M. GILBERT

*v.*

## NAZRO REYNOLDS *et al.*

DOWER—*estoppel by laches.* A bill filed for the assignment of dower, alleged that the complainant had heard that her husband had applied for a divorce from her in the State of Michigan in 1834, and that a divorce had been granted him, but that she did not know the fact until 1854, some fifteen years before this bill was filed; that in 1834 he married another woman, moved into this State, acquired title to land here, and afterwards sold and conveyed the same, his last wife joining in the deed. In 1863 he died. The

33—51ST ILL.

complainant claimed dower in the land thus acquired and sold, upon the ground that she had no notice of the proceedings for the divorce, and they were, therefore, void: *Held*, that the delay in asserting her claim should estop the complainant from now asserting it, as against the purchaser from her husband.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

This was a bill in chancery exhibited in the court below by Speede M. Gilbert, against Nazro Reynolds and others, for an assignment of dower in certain lands, of which the complainant claims her husband died seized.

The allegations of the bill were, substantially, that on the 24th day of April, 1828, the complainant was lawfully married to Joseph O. Gilbert, and that they lived together, as husband and wife, in the State of New York until the summer of 1831, when they removed to the State of Michigan, and there continued to live together up to the 9th day of February, 1834.

The bill alleges that for some time previous to this last mentioned date, the said Joseph had put in circulation disgraceful rumors concerning the complainant, and treated her with neglect and cruelty, and in compliance with the request of the said Joseph, a few days after, a brother of the complainant took her away with him to his own house, in the State of Michigan, in the same county where the said Joseph still resided, and where she remained until the summer of 1834, when she returned to her friends in the State of New York, with whom she resided until about four years before the filing of her bill. That during the spring of 1865 she came to the county of Henry, in this State, and has resided there ever since.

The bill then alleges as follows:

" And your oratrix has heard that for some short time previous to her separation from her said husband, he had pending

against her in the circuit court of the county of Washtenaw, in the State of Michigan, a bill for divorce, containing charges of adultery, and that about a year after her said separation a decree was entered against her in the said cause, dissolving the bonds of matrimony between the said Joseph O. Gilbert and herself; but your oratrix solemnly avers that previous to the time when such decree was rendered, if any such decree was rendered, she had no notice, actual or constructive, of such suit, nor was any person ever authorized to appear for her, nor did any person appear for her therein, nor had she, up to the time when said decree is said to have been rendered, and for a long time thereafter, any knowledge of the existence of such a suit, nor did she hear of the same until about the year 1854.

"And your oratrix charges that all the proceedings, if any, which may have been had in the same, were null and void. And she further avers that if there were in the bill of the said Gilbert any charges of adultery against your oratrix, the same were utterly false. And your oratrix avers that shortly after her departure from the State of Michigan as aforesaid, the said Joseph O. Gilbert entered into a pretended marriage contract with one Nancy Caldwell, and in 1854 removed with her to the county of Henry, and State of Illinois, where he died in February, 1863; and the said Nancy Caldwell, whom your oratrix prays may be made a party defendant herein, still resides in the county of Henry and State of Illinois, and has had issue by the said Gilbert—Watson Harper Gilbert—whom your oratrix prays may be made party defendant."

The complainant alleges that subsequent to his coming to this State to reside, the said Joseph acquired title to a certain tract of land, situate in the said county of Henry, which, afterwards, during the year 1847, he sold and conveyed to one John Appleton, his said pretended wife, Nancy Caldwell, joining in the deed; and this land, through several mesne conveyances, became vested in Nazro Reynolds and James

516 GILBERT *v.* REYNOLDS *et al.* [Sept. T.,

Opinion of the Court.

Glenn, and that the said Reynolds resided thereon at the time of the filing of this bill.

The complainant bases her claim to dower in this land upon the ground of the alleged illegality of the divorce, if any was ever obtained by her said husband.

Her bill was filed on the 21st day of May, 1869.

A general demurrer to the bill was sustained by the court below, and the bill dismissed. The complainant appeals.

Messrs. SHAW & CRAWFORD, for the appellant.

Mr. B. C. COOK, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Henry circuit court, for the assignment of the dower of complainant in and to the lands of which her husband, Joseph O. Gilbert, died seized, and which, by conveyance from him, had vested in Sarah E. Reynolds.

A general demurrer was put in to the bill, and sustained by the court, and the bill dismissed. To reverse that decision, complainant has appealed to this court.

The ground on which the demurrer was sustained was, we presume, the want of equity on the face of the bill.

It is insisted by appellant that the facts alleged in the bill make a *prima facie* case, deserving an answer.

We do not think so. The complainant heard that her husband had applied for a divorce from her in the State of Michigan, in 1834, and that a divorce had been granted him. But she alleges she did not know the fact until 1854, some fifteen years before the bill of complaint was filed. In that year, the husband, having married another woman in 1834, removed from Michigan to Henry county in this State, dying in 1863, leaving this last wife and one son. He there acquired this land, the last wife joining him in the deed on the sale of it.

Complainant resting all this time contented, making no effort to undeceive the public by an assertion of her rights, permitting these parties to appear to the world as they represented themselves to be, as against these defendants, who are purchasers, she ought to be held equitably estopped. Her silence and inaction during all this time amounts to a fraud, and should be so regarded. This was undoubtedly the view the court below took of the case on the argument of the demurrer, and it is the true view. Admitting all the facts in the case to be true, yet they do not raise an equity in favor of complainant, which a court, administering its principles, ought to enforce.

The demurrer was properly sustained, and the decree must be affirmed.

*Decree affirmed.*