# Rayburn, Admr., v Rayburn.

*Action against Administrator on Bond of Intestate.*

1. *The statute of non-claim; by whom presentment should be made.*—To constitute a valid presentment within the statute of non-claim, presentment must be made by some one having an interest in the claim, or by one authorized by the owner thereof.

2. *Same; same; endorsement on claim as proof of presentation.* In an action against an administrator counting upon a bond executed by his intestate to the plaintiff, where it .is shown that the plaintiff is sole owner of the bond sued on, an endorsement upon the said dond, showing that it was presented to the administrator of the deceased within the time required by the statute of non-claim, is sufficient proof of its presentation.

3. *Same; presentment; when claim not required to be verified* In the presentment to an administrator of an original obliga-

tion of the intestate, it is not necessary that the claim so presented should be verified by oath.

4. *Same; same; construction of statute suspending the running of the statute of limitation.*—The statute providing that when a claim against the estate of a decedent has been duly presented the limitation for the commencement of the suit thereon is suspended until the claimant is required by notice in writing to bring suit thereon (Code, § 2718), applies to claims against the estates of decedents which had been duly presented and were existing at the time of the adoption of the Code.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was a suit instituted on July 8th, 1899, by the appellant, Sarah J. Rayburn, against the appellee, W. C. Rayburn, administrator of the estate of S. K. Rayburn, deceased, and counted upon a bond executed by S. K. Rayburn, deceased, to the plaintiff on December 7th, 1887, and due and payable one day after date. The defendant by special pleas set up that the bond sued on was barred by the statute of limitations of ten years, and that the demand sued on was not presented by plaintiff or any one authorized by her to the administrator of the estate of S. K. Rayburn, the deceased, within eighteen months after the issuance of letters of administration upon said estate.

The cause was tried upon an agreed statement of facts, in which the following facts were disclosed: Samuel K. Rayburn, intestate of the defendant, executed and delivered to the plaintiff the bond sued on, a copy of which was introduced in evidence. Said bond was due and unpaid at the time of the institution of the suit. Upon the back of said bond there was endorsed the following statement: "Presented to J. B. Patterson, admr., of S. K. Rayburn, est.; June 7th, 1893." It is recited in the agreed statement of facts "the note and said endorsement are true according to their purport." Samuel K. Rayburn, defendant's intestate, died on July 15th, 1892, leaving the plaintiff as a widow. Letters of administration were issued upon the estate of S. K. Rayburn to one J. B. Patterson by the probate court of Marshall county on September 1st, 1892. Pat-

[Rayburn, Admr. v. Rayburn.]

terson entered upon the discharge of his duties as such administrator and so continued until April 10th, 1899, when he was removed from such administration for failure to give a new bond as required by law. Subsequently in the year 1899, before the institution of the present suit, the defendant, W. C. Rayburn, was appointed administrator, *de bonis non,* of said estate. The plaintiff is the beneficial owner of the bond sued on and she was never notified by any one to bring suit on said bond. Upon these facts the court, at the request of the plaintiff, gave the general affirmative charge in her behalf. To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the general affirmative charge requested by him.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the giving of the charge as requested by the plaintiff, and the refusal to give the general affirmative charge requested by the defendant.

O. D. Street, for appellant.—Under the defendant's plea of non-claim, the burden was upon the plaintiff to prove not only that the claim was presented, but that the presenttion was made by some one having an interest in the note.—*McDowell v. Jones,* 58 Ala. 25, 35; *Smith v. Fellows,* 58 Ala. 467.

New statutes of limitation are often held to operate upon causes of action existing at the time of their passage, but in such cases they are not allowed to operate retroactively, but only prospectively.—*Henry v. Torpe,* 14 Ala. 103; *Doe v. Haskins,* 15 Ala. 620; *Rawles v. Kennedy,* 23 Ala. 240; *Ivey v. Blum,* 53 Ala. 172; *Aycock v. Johnson,* 119 Ala. 405.

D. Isbell, *contra.*—All laws take effect at the time of their passage, unless a different time is expressed in the act for them to take effect.—*Rathbone v. Bradford,* 1 Ala. 312; *Wood v. Fort et als.,* 42 Ala. 641; *Fort v. McDonald,* 101 Ala. 51.

Statutes of limitations relate to the remedy only, and therefore take effect at the time of their passage on existing causes of action.—*Henry and wife v. Thorpe,* 14

Ala. 103; *Andrews and wife v. Huckabee*, 30 Ala. 143; *Do. Dem. Nichols v. Haskins*, 13 Ala. 619; *Aycock v. Johnson*, 119 Ala. 405; *Rawles v. Kennedy*, 23 Ala. 240; *Martin v. Martin*, 35 Ala. 560; *Ivey and wife v. Blinn*, 53 Ala. 172; *Darmer and wife v. Kay and wife*, 42 Ala. 125.

TYSON, J.—Endorsed on the back of the bond sued on, are the words: "Presented to J. B. Patterson, Admr. of S. K. Rayburn, Est. June 7, 1893." It was admitted that this endorsement was true according to its purport, and that it was made within eighteen months after grant of letters to Patterson, the administrator. It is urged against the endorsement as proof of presentation, that it fails to show by whom the instrument was presented. It is quite true that presentation must be made by some one having an interest in the bond. And it is also true, that a presentation by a stranger to the claim will not suffice, and that the burden is upon the plaintiff to prove that the bond sued on was presented by some one having an interest in it.—*McDowell v. Jones*, 58 Ala. 25; *Smith v. Fellows, Ib.* 467. The bond on which the endorsement was made is payable to plaintiff and in addition she is shown to be the beneficial owner of it—excluding the right of any one else to share in the benefits to be derived from it, as well as the right to its possession. Presumably it has been all the time in her possession, no fact to the contrary being shown, she having shown her exclusive ownership of it, and the endorsement being made upon the paper itself, the conclusion is irresistible that the presentation was made by her, or some one authorized by her—a fact established as true according to the purport of the endorsement and the bond.

There is no merit in the contention that the presentation was insufficient for the reason that the claim was not verified by oath, etc. The original obligation of the intestate being presented to the administrator, no verification was required.—Code, § 133; *Floyd v. Clayton*, 67 Ala. 265.

The bar of the statute of limitations was not complete when the Code was adopted. Section 2817 reads as follows: "When a claim against the estate of a decedent has been duly presented, the limitation for the commencement of suit thereon is suspended until the personal representative or heir or devisee of such decedent shall, by notice in writing, require such claimant or any one having the beneficial interest in such claim, to bring suit thereon." The contention is that this statute has no application to the demand here sought to be enforced, but only applies to the suspension of the statute of limitations upon claims duly presented after the adoption of the Code. That the statute has no retrospective operation, but only operates prospectively upon causes of action existing at the time of its passage which may be presented subsequent to its enactment. The legislature was dealing with the subject of the statute of limitations upon existing causes of action against decedent's estates, and not with the presentation of claims. Due presentation is only essential to prevent the bar of the statute of non-claim, and is only an incident to be observed by the creditor essential to his rights to enforce his cause of action, in the event the representative of the estate should claim the benefit of the bar. It is clear to us from the plain language of the statute, that it was intended to suspend the operation of the statute of limitations on all causes of action not barred at the date of its enactment, provided there had been due presentation of them; as well as all causes of action which should occur in the future. This construction gives the statute no retrospective operation, but simply gives it a present and prospective operation on causes of action existing at the date of its passage, and on all causes which may accrue in the future—a principle which has often been recognized and enforced by this court. And, indeed, we are bound by the adjudications in this State to so hold unless the statute contains some opposing provision.—*Martin v. Martin,* 35 Ala. 560, and cases cited; *Farmer v. Ray,* 42 Ala. 125.

Affirmed.