WILLIAM C. BURR, *Appellant*, v. GEORGE O. POWELL, *Appellee*.

1. Amendments may be allowed to affirmative defenses in an answer.

2.  Upon an appeal from one interlocutory order, cross-assignments of error upon other interlocutory orders will not be conisdered.

Appealed from the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the court.

*Davant & Davant,* for Appellant;

*G. C. Martin,* for Appellee.

COCKRELL, J.—This appeal is from an interlocutory order, refusing to strike an amended answer to a bill to enforce a mortgage lien. The original answer is full, in so far as it makes an issue upon the allegations of the bill, but exceptions were sustained to portions of the answer wherein a defense founded upon the statute of limitations was set up, and also a plea along the same line was overruled, leave being given to amend the answer.

In what is termed an "amended and separate answer" in the introductory part and concluding this defendant having herein and heretofore fully answered defenses on various statutes of limitations are urged. The motion to strike this pleading is based upon the conception that the defenses are in fact three separate pleas, without verification or certificate, and that successive pleas in equity are inhibited. The motion was properly denied.

The rules invoked apply when the defendant seeks to avoid an answer by plea, but not to affirmative defenses in an answer, as to which the court may allow amend ments as in other pleadings.

We are unable to consider the cross-assignments, as they all relate to orders of the Circuit Court, which have not been brought here for review. We have frequently held that an appeal from an interlocutory order, unlike an appeal from a final decree, brings up for review the order or orders named in the appeal and nothing more; that this must be so by force of the language of the statute, and our rule permitting cross-assignments without the necessity of a separate appeal must be read in the light of that higher law. The ruling must be properly before the appellate court, else it may not consider whether the ruling be correct.

The order is affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND HOCKER, J. J., concur.