JENNIE D. PINGREE, *Appellant*, v. ANNIE C. DEHAVEN, JOINED BY HER HUSBAND, R. C. DEHAVEN, *Appellees*.

En Banc.

Opinion Filed June 17, 1925.

1. Appeals from final decrees bring up for consideration of this court the propriety of all decrees made prior to the entry of the final decree. Burr v. Powell, 63 Fla. 379, 58 South. Rep. 29, McCall v. Lee, 66 Fla. 14, 62 South. Rep. 902. This rule also applies to appeals based on decree *pro confesso*. Betton v. Williams, 4 Fla. 11; DeCottes v. Jeffers. 7 Fla. 284; Sec. 3169, Revised General Statutes, Fla. 1920.

2. A sheriff's deed does not divest a widow of her inchoate right of dower. Roan v. Holmes, 32 Fla. 295, 13 South Rep. 339.

3. Regardless of any statute of limitation, the lapse of an unreasonable length of time before commencing an action for the recovery of dower will raise the presumption that the widow's dower has been relinquished or otherwise barred or

cut off, or will constitute such laches as to bar relief in a court of equity.

4. A claim for dower will be barred by laches when the lands in which such claims are asserted have been sold at sheriff's sale for twenty-four years, and the right accrued for seventeen years, during which time the claimant has lived in a foreign State and has made no effort to protect her rights and the lands have been passing through the hands of various parties.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Ransom C. Pingree,* Haverhill, Mass., and *Jackson & Dupree,* for Appellant;

*William J. Skinner,* for Appellees.

TERRELL, J.—Anna C. DeHaven, joined by her husband, R. C. DeHaven, of Hillsborough County, Florida, brought suit in chancery against Jennie D. Pingree, of Haverhill, Massachusetts, to remove a widow's claim for dower as a cloud upon the title to certain lands described in the bill of complaint. It appears that Mellen A. Pingree, husband of appellant, owned the lands in question and that during his lifetime they were sold at execution sale. Appellees derived title by mesne conveyances from the purchaser at the execution sale.

Appeal is taken from a decree overruling a demurrer to the bill of complaint and entry of final judgment on decree *pro confesso* for failure to plead further. The main question raised by the demurrer is whether or not our statutes of limitation apply to and will bar a widow's claim for

dower. There is no basis for appellees' contention to the effect that the decree overruling the demurrer having been made more than six months before the entry of appeal cannot be assigned as error. Appeal is taken from the final decree, the decree overruling the demurrer was interlocutory, and it is well settled that appeals from final decrees bring up for consideration of this court the propriety of all decrees made prior to the entry of the final decree. Burr v. Powell, 63 Fla. 379, 58 South. Rep. 29; McCall v. Lee, 66 Fla. 14, 62 South. Rep. 902. This rule also applies to appeals based on decree *pro confesso*. Betton v. Williams, 4 Fla. 11; DeCottes v. Jeffers, 7 Fla. 284; Sec. 3169, Rev. Gen. Stats. Fla. 1920.

The final decree proceeds on the theory that Jennie D. Pingree, appellant, at no time acquired a dower right in the lands involved in this litigation. The bill of complaint negatives this theory in that it shows that Mellen A. Pingree, husband of appellant, held a fee simple title in said lands, that on April 3, 1901, he (Mellen A. Pingree) permitted said lands to be sold at sheriff's sale to satisfy a judgment against him, and that he died June 16, 1905, without having redeemed said lands from said sale.

It is well settled that a sheriff's deed does not divest a widow of her inchoate right of dower. Roan v. Holmes, 32 Fla. 295, 13 South. Rep. 339.

The record does not disclose when appellant first asserted her claim for dower, but it does disclose that no application has ever been made on her part to have dower allotted to her, though seventeen years have passed since her husband's death, and that after her demurrer was overruled she suffered a decree *pro confesso* and final decree to be entered against her without making any defense to the allegation of the bill.

It is true we have no specific statutory period in which a widow must assert her claim to dower, but when the lands in which such claim is asserted have been sold at sheriff's sale for twenty-four years and the right accrued for seventeen years and appellant has lived in a foreign State and made no effort to protect her rights in the premises, during which time the lands in question have been passing through the hands of various parties, it would seem that the asserted claim for dower would have become stale and barred by laches.

Regardless of any statute of limitations, the lapse of an unreasonable length of time before commencing an action for the recovery of dower will raise the presumption that the widow's dower has been relinquished or otherwise barred or cut off, or will constitute such laches as to bar relief in a court of equity. On the showing made here it was perfectly reasonable to presume that any claim for dower was abandoned. 9 C. J. 560; 16 Cyc. 150 *et seq.;* 9 R. C. L. 612; Barksdale v. Garrett, 64 Ala. 277; Graves County v. McDade, 108 Ala. 420, 19 South. Rep. 86; Danley v. Danley, 22 Ark. 263; Gilbert v. Reynolds, 51 Ill. 513; Poole v. French, 83 Kan. 281, 111 Pac. Rep. 488; Turner v. Kuehnle, 71 N. J. Eq. 466, 64 Atl. Rep. 478.

The writer is of the opinion that the statute of limitations in this State has no application to dower, but it is directed to claims for debt and asserted titles to real estate. Dower is not classed under either of these heads and the decided weight of authority is to the effect that unless the statute is directed specifically to dower it is not covered thereby. 9 R. C. L. 612; Farmer v. Ray, 42 Ala. 125, 94 Am. Dec. 633; Scribner on Dower (2nd ed.) pp. 559 *et seq.* Holding this view, I think the English statute on the same subject bar-

ring suits for dower unless brought within twenty years from the death of the husband is applicable here.

Affirmed.

WEST, C. J., AND WHITFIELD AND STRUM, J. J., concur.