IRENE COLVIN, *Appellant*, v. J. BOYD ENWER et al., *Appellees*.

Division B.

Opinion filed January 28, 1929.

Petition for rehearing denied February 20, 1929.

*Leitner & Leitner*, for Appellant.

*Burket & Fish* and *Treadwell & Treadwell*, for Appellees.

WHITFIELD, P. J.—It appears that E. J. Colvin, a married man, after being seized and possessed of described lands in Florida, became insane and the property was conveyed to others by the guardian of the insane owner, the wife not in any way conveying or relinquishing her dower rights and was not a party to the court proceedings under which the guardian of the insane husband conveyed the lands. The insane husband having died, his widow brought suit to have her dower interest in the lands awarded to her. A demurrer

to the bill of complaint was overruled. The defendants in effect pleaded that E. J. Colvin resided in Missouri, was there adjudged insane and a guardian for him was duly appointed; that the guardian was by the County Judge of DeSoto County, Florida, duly authorized to sell the lands and did sell and convey the lands in the manner required by law. The plea was sustained on argument and complainant appealed.

Under the statute a widow is "entitled to dower in * * * all the lands, tenements and herediments of which her husband died seized and possessed, or had before conveyed whereof she had not delinquished her right of dower as provided by law, which * * shall be and enure to her proper use and behoof in and during the term of her natural life." Section 3629, Rev. Gen. Stats. 1920, Sec. 5493, Comp. Gen. Laws 1927.

The statutes provide that where inappropriate judicial proceedings a guardian of a lunatic shall be duly authorized to make a deed of conveyance of a lunatic's real estate to a purchaser, "such deed shall be effective to convey all the right, title and interest of said lunatic in and to said real estate". Secs. 3991-3997, Rev. Gen. Stats. 1920; Secs. 5913-5919, Comp. Laws 1927.

While under the statute a guardian may by deed duly authorize convey all the right, title and interest of a lunatic in his lands, such deed of conveyance does not of itself convey the dower rights of a wife of the lunatic if he be a married man. And in the absence of proper proceedings to relinquish or bar the dower rights of the wife of a lunatic, they are not affected by the mere conveyance of the lunatic's right, title and interest in his lands. See Davis v. Hutton, 127 Ind. 481, 26 N. E. R. 187; 19 C. J. 521; Williams v. Courtney, 77 Mo. 587. See also Roan v. Holmes, 32 Fla.

295, 13 So. R. 339; Pingree v. DeHaven, 90 Fla. 42, 105 So. R. 147.

Reversed.

STRUM AND BUFORD, JJ., concur.

TERRELL, C. J. AND ELLIS AND BROWN, JJ., concur in the opinion and judgment.