### IN RE: ESTATE OF L. V. HESTER, DECEASED

28 So. (2nd) 164
December 3, 1946
Rehearing denied January 3, 1947

June Term, 1946
Division A

*Keen & O'Kelley, J. Velma Keen* and *Charles H. Spitz,* for appellant.

*T. J. Swanson,* for appellee.

TERRELL, J.:

L. V. Hester died September 1, 1943, leaving his wife, Janie L. Hester, surviving. During his lifetime a judgment was secured against him in a common law action by M. F. Green. An execution was issued and certain of Hester's lands were levied on and sold to satisfy this judgment. Green became the owner of said lands by virtue of the sale and conveyed them to Brooks-Scanlon Corporation, by warranty deed, for a valuable consideration.

In August, 1945, Janie L. Hester filed her extraordinary petition for assignment of dower in and to the lands conveyed by Green to Brooks-Scanlon Corporation. An amended extraordinary petition for assignment of dower was later filed, to which Brooks-Scanlon Corporation filed its answer and a motion to dismiss. The motion to dismiss was granted and on appeal to the circuit court the judgment of the probate court was affirmed. This appeal is from the latter decree.

The question presented is whether or not Janie L. Hester, widow of L. V. Hester, is entitled to dower in lands sold during the lifetime of her husband by virtue of judgment secured against him by M. F. Green, and later conveyed to a third party. It is admitted that the wife did not during the proceedings for the judgment voluntarily relinquish her dower. At the same time the reglarity of these proceedings is not challenged.

Appellants contend that this question should be answered in the affirmative and rely on Roan v. Holmes, 32 Fla. 295, 13 So. 339; 21 L.R.A. 180, and Pingree v. DeHaven et al., 90 Fla. 42, 105 So. 147, to support their contention.

We do not think either of these cases rule the case at bar. It is true that both of them approved the doctrine that a sheriff's deed does not divest a widow of her inchoate right of dower. In Roan v. Holmes the purpose at the outset was to recover dower but the widow died in the meantime, so the only question determined was whether or not her administrator could continue the suit for the purpose of recovering mesne profits as damages for use of the land during the time she claimed dower right in it. The Pingree case was one to remove a claim for dower as a cloud on title. Prayer for relief in both cases was denied, so the adjudication of other questions was perhaps obiter.

In Roan v. Holmes a mortgage had been given on the lands in which the widow had joined. The husband conveyed his equity in the mortgaged lands, after judgment was secured against him. The wife was not a party to the judgment and did not otherwise release her equity in the lands, which was conditional after she joined in the mortgage. The theory of the court's decision was that the wife's equity must be divested in the same manner that the husband's equity was divested. In other words, the sheriff's deed carrying the husband's equity under the circumstances related did not have the effect of divesting the wife of her equity.

Dower under Florida law is "one-third part in fee simple of the real property owned by her husband at the time of his death or which he had before conveyed whereof she had not relinquished her right of dower as provided by law." . . . Section 731.34, Florida Statutes 1941. Such was the law in force at the time of Mr. Hester's death, when his wife's right of dower accrued. The statute had experienced several changes over the years.

As pointed out, Hester lost ownership of the lands involved in this case by virtue of a judgment and sale long before his death, neither of which is assaulted. That judgment and sale divested him of all the title and right he had in lands and, being so, no dower right ever accrued in them in favor of his widow. Dower, being inchoate, was extinguished by the sale before it came into being. The sale bound the wife and representatives of the husband alike.

This was not the case in Roan v. Holmes, because in that case a mortgage was given, the wife joined in the mortgage, and the husband conveyed his equity without securing his wife's consent or she releasing her equity. Under such circumstances she was entitled to claim her part so long as she lived if seasonably asserted. This is quite different from the case at bar, where both the interest of husband and wife was extinguished by the common law judgment before his death.

This conclusion is fortified by the fact that the widow's estate was changed from a life estate to a fee between the time that Roan v. Holmes was decided and the death of Hester. When Roan v. Holmes was decided it was a life estate, but in either event in a case like this, where a judgment was secured and satisfied against the husband before his death, the right of dower is in pari materia with and must be read in connection with the judgment lien statute, Chapters 55 and 86, Florida Statutes 1941. There is no suggestion here that the satisfaction of the judgment did not extinguish Hester's estate in the lands in question.

The judgment appealed from is, therefore, affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.

28 So. (2nd) 254                                    June Term, 1946
December 3, 1946                                    Division A